UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, TRADE EDUCATION FUND, AND 401(K) SAVINGS PLAN,<br><br>Plaintiffs,<br><br>-against-<br><br>SPRAY IN PLACE SOLUTIONS, LLC and ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendants. | 24 CV<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

### NATURE OF THE ACTION

1. This is a civil action pursuant to section 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and common-law bond principles, to recover delinquent employer contributions to a group of multiemployer employee benefit plans, to recover delinquent benefit contributions pursuant to a benefits bond issued by Atlantic Specialty Insurance Company, and other related relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) because the Funds (as defined below) reside or may be found in this district.

## THE PARTIES

4. Plaintiffs Trustees of the Plumbers Local Union No. 1 Welfare Fund, Vacation & Holiday Fund, Trade Education Fund, and 401(k) Savings Plan (collectively, the "Local 1 Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Local 1 Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Funds are administered at 50-02 Fifth Street, Second Floor, Long Island City, New York 11101.

5. Plaintiff Plumbers Local Union No. 1 Welfare Fund is the designated Collection Agent for Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union") and the Plumbing Industry Promotion Fund of New York City. The Union is, and at all relevant times was, a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. The Union represents, and at all relevant times represented, employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. §§ 142.

6. Defendant Spray In Place Solutions, LLC ("SIPS") is a foreign limited liability company organized under the laws of the State of New Florida and duly authorized to conduct business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 602(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. SIPS maintains its principal place of business at 45 Knickerbocker Avenue, Suite 1, Bohemia, New York 11716.

7. The New York Department of State Division of Corporations lists "THE LLC" with an address of 45 Knickerbocker Avenue, Suite 1, Bohemia, New York 11716, as the post office address to which the Secretary of State shall mail a copy of any process against the Company served upon the Secretary of State by personal delivery.

8. Upon information and belief, Jeffrey Sausele is the president of SIPS and resides at 554 Boxwood Drive, Shirley, New York 11967.

9. Defendant Atlantic Specialty Insurance Company ("ASIC," together with SIPS, the "Defendants") is a corporation incorporated under the laws of the State of New York and authorized to do business within the insurance industry in the State of New York. ASIC has its principal place of business located at One State Street Plaza, Fl 31, New York, NY 10004.

## STATEMENT OF FACTS

*The Collective Bargaining Agreement*

10. At all relevant times, SIPS was a party to, and/or manifested its intention to be bound by, a collective bargaining agreement, project labor agreement and/or participation agreement with the Union (the "CBA").

11. Under the CBA, employers agree "to be bound by the provisions of the Trust Agreements pertaining to Pension, (including the [UANPF],…[and the] Plumbers Local Union No. 1 Welfare…Trade Education…401(k) Savings Plan and *any other established funds…*" (the "Trust Agreements") (emphasis added).

12. On December 31, 2019, the Additional Security Benefit Fund ("ASB-C Fund") merged into the Welfare Fund.

13. The Trust Agreements permit the Local 1 Funds to establish policies, rules, and procedures for the purposes of collecting unpaid contributions to the various benefit funds.

- 3 -

14. Each Trust Agreement states that the assets of that plan include "sums of money that have been or will be paid or which are due and owing to the Funds by the Employers as required by the Collective Bargaining Agreements."

15. Pursuant to the Trust Agreements, the Local 1 Funds adopted a Policy for the Collection of Delinquent Fringe Benefit Employer Contributions (the "Fringe Benefit Collection Policy") and a Joint Policy for Collection of Delinquent Employee Contributions and Participant Amounts (the "401(k) Savings Plan Collection Policy," together with the Fringe Benefit Collection Policy, the "Collection Policies").

16. The CBA, Trust Agreements, and Collection Policies require SIPS to make specified hourly contributions to the Local 1 Funds, and to remit other specified amounts including Union dues withheld from its employees pay to the Local 1 Funds in connection in connection with all plumbing work and other specified work performed on behalf of SIPS within the five boroughs of the City of New York ("Covered Work").

17. Under the CBA, Trust Agreements, and Collection Policies, SIPS is required to submit reports to the Local 1 Funds detailing the number of hours of Covered Work performed by its employees ("remittance reports") as well as corresponding benefit contributions to the Funds no later than the 20th day of the month following the end of each calendar month.

18. Similarly, per the 401(k) Savings Plan Collection Policy, employers are required to remit 401(k) Salary Deferrals and the supporting remittance report within seven (7) business days after the end of the payroll period from which the amounts were deducted from the wages of the employee.

19. The CBA, Trust Agreements, and Collection Policies further require SIPS to furnish its books and payroll records when requested by the Local 1 Funds for the purpose of

conducting an audit to ensure compliance with its required benefit fund contribution obligations under the CBA.

20. Under the Collection Policies, in the event that an employer refuses to permit a payroll audit upon request by the Funds' Auditor, or if the employer refuses the Funds' Auditor access to pertinent records, the Fund Office shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the number of the employer's monthly hours subject to contributions for each month of the requested audit period is the highest number of hours reported in any month during the audit period. If the employer reported no hours during the audit period, then the determination shall be made based on the highest number of hours reported in any month during the prior audit period. Such a determination shall constitute presumptive evidence of a delinquency.

21. Under the Collection Policies and Trust Agreements, where an employer is two or more months delinquent in making its contributions and has not submitted remittance forms showing the number of hours of Covered Work performed by its employees, the Funds may project as the amount of the delinquency the greater of (a) the average monthly payments based on reports actually submitted by the employer for the last three (3) months for which payments and reports were submitted or (b) the average of the monthly payments based on reports actually submitted by the employer for the last twelve (12) months for which payments and reports were submitted. Such an estimation may be sued as a determination of payments due for each delinquent month and may be used for the purpose of any lawsuit and no other proof need be provided by the Trustees to any court to compute the total payments due for the delinquent months, exclusive of liquidated damages, interest, and attorneys' fees and costs.

22. Under the documents and instruments governing the Local 1 Funds including their Trust Agreements and Collection Policies, employers whose contributions are delinquent are liable for the amount of delinquent contributions, interest thereon at an annual rate of ten percent (10%), liquidated damages of twenty percent (20%) of the principal amount due, attorneys' fees, audit fees, and other collection costs.

23. Similarly, under the 401(k) Collection Policy, employers who fail to remit deferrals to the Local 1 Funds "within seven (7) business days after the end of the payroll period from which the deferrals were made and deducted from the wages of the employees shall cause the employer to be liable for the delinquent deferrals, plus interest thereon calculated at the rate of ten percent (10%) per annum calculated from the due date and compounded annually. The employer shall also be liable for the greater of lost earnings or restoration profits, as defined by the Voluntary Fiduciary Correctio Program of the U.S. Department of labor, 65 Fed. Reg. 14164 (March 15, 2000), in which no event shall be less than the underpayment rate defined in the Internal Revenue Code section 6621(a)(2), and which shall be determined by application of the DOL VFCP Online Calculator…The Board may also assess liquidated damages on the delinquent deferrals at the rate of twenty percent (20%) of the amount due."

*The Benefits Bond*

24. ASIC issued a benefits bond No. 810002719 in the penal sum of $7,000, guaranteeing payment of all benefits owed by SIPS in connection with all Covered Work performed by its employees (the "Bond").

25. In or around February 2021, ASIC issued a rider increasing the penal sum of the Bond to $21,000 (the "Rider").

26. By issuing the Bond and Rider, ASIC assumed liability for the payment of all contributions owed by SIPS in connection with Covered Work performed by SIPS's employees up to $21,000.

*The Audit and Expanded Audit*

27. Pursuant to the CBA, Trust Agreements, and Collection Policies, the Local 1 Funds Funds conducted an audit of SIPS covering the period September 1, 2020 through June 30, 2022 (the "Audit").

28. The Audit revealed that SIPS failed to remit contributions to the Local 1 Funds in the principal amount of $46,465.17.

29. The Audit also revealed that SIPS failed to remit ASB-C deferrals of $3,415.69 and lost earnings of $232.61.

30. The Local 1 Funds incurred audit costs of $3,635.50.

31. Upon learning that the Bond terminated effective April 8, 2024, Plaintiffs expanded the audit period to cover September 1, 2020 through December 31, 2023 (the "Expanded Audit").

32. To date, SIPS has failed to comply with the Expanded Audit.

*Miscellaneous Deficiencies*

33. Additionally, SIPS owes the Local 1 Funds late payment interest on file of $832.57, attorneys' fees of $1,889.03, and liquidated damages on file of $1,337.64.

34. Pursuant to the CBA, the documents and instruments governing the Local 1 Funds, and Section 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, SIPS is liable to the Local 1 Funds for: (1) contributions of $46,465.17, ASB-C deferrals of $3,415.69, and lost earnings of $232.6 for the period September 1, 2020 through June 30, 2022 as revealed by the Audit; (2) contributions, ASB-C deferrals, and

lost earnings in an unknown amount for the Expanded Audit period through December 31, 2023; (3) interest on the unpaid contributions and ASB-C deferrals at an annual rate of ten percent (10%); (4) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions and ASB-C deferrals due and owing; (5) miscellaneous deficiencies on file totaling $4,059.24; and (6) all reasonable attorneys' fees, audit costs, and collections costs incurred by the Plaintiffs.

**FIRST CLAIM FOR RELIEF AGAINST SIPS**
*Unpaid Contributions Under 29 U.S.C. § 1145*

35. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

37. The CBA requires that SIPS make contributions to Plaintiffs for all Covered Work it performs within the trade and geographical jurisdiction of the Union.

38. Pursuant to the Audit, SIPS owes the Local 1 Funds benefit contributions in the amount of $46,465.17 for the period September 1, 2020 through June 30, 2022.

39. SIPS owes the Local 1 Funds benefit contributions an unknown amount for the Expanded Audit period through December 31, 2023.

40. Pursuant to the CBA and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, SIPS is liable to the Local 1 Funds for: (1) contributions of $46,456.17 for the period September 1, 2020 through June 30, 2022 as revealed by the Audit; (2) contributions for the Expanded Audit period through December 31, 2023; (3)

interest on the unpaid contributions at an annual rate of ten percent (10%); (4) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing; (5) audit costs of at least $3,635.50; (6) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (7) such other legal or equitable relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF AGAINST SIPS
*Violation of Collective Bargaining Agreement under 29 U.S.C. § 185*

41. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Plaintiffs, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

43. SIPS violated the terms of the CBA when it failed to make all contributions due and owing and remit all ASB-C deferrals for Covered Work revealed by the Audit for the period September 1, 2020 through June 30, 2022.

44. SIPS violated the terms of the CBA when it failed to make all contributions due and owing and remit all ASB-C deferrals for Covered Work revealed by the Expanded Audit period through December 31, 2023.

45. SIPS also violated the terms of the CBA by failing to comply with the Expanded Audit.

46. SIPS further violated the terms of the CBA by failing to remit all interest, attorneys' fees and liquidated damages associated with prior contribution delinquencies to the Local 1 Funds.

47. As a result of SIPS's violations, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

## THIRD CLAIM FOR RELIEF AGAINST ASIC
*Common Law Claim Against the Bond for Employer Contributions*

48. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. ASIC issued a common-law bond to SIPS.

50. ASIC issued a Rider increasing the penal sum of the Bond.

51. Pursuant to the common-law bond, ASIC guaranteed the payment of benefits to SIPS's employees and thereby assumed joint and several liability with SIPS to pay any and all benefits due and owing as a result of SIPS's failure to pay benefits for Covered Work performed by its employees.

52. SIPS owes the Local 1 Funds contributions in the principal amount of $46,465.17 for the period September 1, 2020 through June 20, 2022.

53. SIPS owes the Local 1 Funds contributions in an unknown amount for the Expanded Audit period though December 31, 2023.

54. Therefore, under the common-law bond and pursuant to the principles of common-law suretyship, ASIC is required to make payment to the Plaintiffs for all contributions due and owing by SIPS, plus interest thereon, up to $21,000.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

   i. Award judgment in favor of Plaintiffs and against Defendant SIPS for its failure to timely remit contributions and other related payments required by the CBA for the period September 1, 2020 through December 31, 2023;

   ii. On Plaintiffs' First Clam for Relief, order SIPS to pay the Plaintiffs: (1) contributions of $46,465.17 contained in the Audit and any contributions determined to be due and owing pursuant to the Expanded Audit; (2) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten

       percent (10%);(3) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing; and (4) audit costs of $3,635.50;

iii. On Plaintiffs Second Claim for Relief, order SIPS to pay Plaintiffs: (1) contributions of $46,465.17, ASB-C deferrals of $3,415.69, and lost earnings of $232.61 contained in the Audit and all contributions, ASB-C deferrals, and lost earnings determined to be owed pursuant to the Expanded Audit; (2) interest on the delinquent contributions and ASB-C deferrals adjudged to be due and owing at an annual rate of ten percent (10%); (3) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions and ASB-C deferrals due and owing; (4) audit costs of $3,635.50; and (5) miscellaneous deficiencies totaling $4,059.24;

iv. On Plaintiffs' Third Claim for Relief, order that ASIC pay Plaintiffs for all contributions, plus interest thereon, in connection with Covered Work performed by ASIC's employees for the period September 1, 2020 through December 31, 2023, up to $21,000;

v. Order SIPS to pay Plaintiffs: (1) reasonable attorneys' fees and costs incurred by Plaintiffs in this action;

vi. Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
       April 5, 2024

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:    /s/
Adrianna R. Grancio, Esq.
40 Broad Street, 7th Floor
New York, NY 10004
Tel: (212) 943-9080
agrancio@vandallp.com
*Attorneys for Plaintiffs*