UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRUSTEES OF THE PLUMBERS LOCAL UNION
NO. 1 WELFARE FUND, TRADE EDUCATION                    Case No.: 1:24-cv-2568 (KAM) (PK)
FUND, AND 401(K) SAVINGS PLAN,
                                                       **ANSWER**
                        Plaintiffs,

      -against-

SPRAY IN PLACE SOLUTIONS, LLC and
ATLANTIC SPECIALTY INSURANCE COMPANY,

                        Defendants.
-------------------------------------------------------------------X

       Defendants, Spray in Place Solutions, LLC (hereinafter the "Employer") and Atlantic Specialty Insurance Company (hereinafter the "Surety") (the Employer and the Surety collectively hereinafter the "Defendants"), by and through their attorneys, Sage Legal LLC, hereby answers the Complaint of Plaintiffs, Trustees of the Plumbers Local Union No. 1 Welfare Fund, Trade Education Fund, and 401(k) Savings Plan (collectively hereinafter "Plaintiffs" or "Trustees") as follows:

## AS TO "NATURE OF THE ACTION"

       1.    Defendants admit that this action is brought under 29 U.S.C. §§ 1132(a)(3) and 29 U.S.C. § 185, but denies that it committed any violation pursuant to these statutes and/or that Plaintiffs are entitled to relief.  Defendants deny the remaining allegations contained in ¶ 1 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

       2.    ¶ 2 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 2 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

3. ¶ 3 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 3 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "THE PARTIES"

4. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 4 of the Complaint.

5. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 5 of the Complaint.

6. Defendants deny the allegations of ¶ 6 of the Complaint. Additionally, ¶ 6 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 6 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

7. Defendants admit the allegations contained in ¶ 7 of the Complaint.

8. Defendants deny the allegations contained in ¶ 8 of the Complaint.

9. Defendants admit the allegations contained in ¶ 9 of the Complaint.

## AS TO "STATEMENT OF FACTS"

**As to "The Collective Bargaining Agreement"**

10. Defendants deny the allegations contained in ¶ 10 of the Complaint.

11. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 11 of the Complaint, and refer Plaintiffs to the applicable collective bargaining agreement ("CBA") without admission that Defendants are bound to same.

12. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 12 of the Complaint.

13. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 13 of the Complaint, and refer Plaintiffs to the Trust Agreements without admission that Defendants are bound to same.

14. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 14 of the Complaint, and refer Plaintiffs to the applicable Trust Agreements without admission that Defendants are bound to same.

15. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 15 of the Complaint, and refer Plaintiffs to the applicable Trust Agreements without admission that Defendants are bound to same.

16. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 16 of the Complaint, and refer Plaintiffs to the applicable CBA, Trust Agreements, and Collection Policies without admission that Defendants are bound to same.

17. Defendants deny the allegations contained in ¶ 17 of the Complaint, and refer Plaintiffs to the applicable CBA, Trust Agreements, and Collection Policies without admission that Defendants are bound to same.

18. Defendants deny the allegations contained in ¶ 18 of the Complaint, and refer Plaintiffs to the applicable 401(k) Savings Plan Collection Policy without admission that Defendants are bound to same.

19. Defendants deny the allegations contained in ¶ 19 of the Complaint, and refer Plaintiffs to the applicable CBA, Trust Agreements, and Collection Policies without admission that Defendants are bound to same.

20. Defendants deny the allegations contained in ¶ 20 of the Complaint, and refer Plaintiffs to the applicable Collection Policies without admission that Defendants are bound to same.

21. Defendants deny the allegations contained in ¶ 21 of the Complaint, and refer Plaintiffs to the applicable Collection Policies and Trust Agreements without admission that Defendants are bound to same.

22. Defendants deny the allegations contained in ¶ 22 of the Complaint, and refer Plaintiffs to the applicable Collection Policies and Trust Agreements without admission that Defendants are bound to same.

23. Defendants deny the allegations contained in ¶ 23 of the Complaint, and refer Plaintiffs to the applicable 401(k) Collection Policy without admission that Defendants are bound to same.

**As to "The Benefits Bond"**

24. Defendants admit the allegations contained in ¶ 24 of the Complaint, except deny that the bond guaranteed benefits or contributions beyond the termination of the CBA.

25. Defendants admit the allegations contained in ¶ 25 of the Complaint, except deny that the bond guaranteed benefits or contributions beyond the termination of the CBA.

26. Defendants admit the allegations contained in ¶ 26 of the Complaint, except deny that the bond guaranteed benefits or contributions beyond the termination of the CBA.

**As to "The Audit and Expanded Audit"**

27. Defendants admit the allegations contained in ¶ 27 of the Complaint.

28. Defendants deny the allegations contained in ¶ 28 of the Complaint.

29. Defendants deny the allegations contained in ¶ 29 of the Complaint.

30. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 30 of the Complaint.

31. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 31 of the Complaint.

32. Defendants deny the allegations contained in ¶ 32 of the Complaint.

**As to "Miscellaneous Deficiencies"**

33. Defendants deny the allegations contained in ¶ 33 of the Complaint.

34. Defendants deny the allegations contained in ¶ 34 of the Complaint.

## AS TO "FIRST CLAIM FOR RELIEF AGAINST SIPS"
*(Unpaid Contributions Under 29 U.S.C. § 1145)*

35. Defendants repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. Defendants admit that Plaintiffs make certain allegations contained in ¶ 36 of the Complaint concerning the basis of their claims, but deny that Plaintiffs are entitled to any relief.

37. Defendants deny the allegations contained in ¶ 37 of the Complaint.

38. Defendants deny the allegations contained in ¶ 38 of the Complaint.

39. Defendants deny the allegations contained in ¶ 39 of the Complaint.

40. Defendants deny the allegations contained in ¶ 40 of the Complaint.

## AS TO "SECOND CLAIM FOR RELIEF AGAINST SIPS"
*(Violation of Collective Bargaining Agreement under 29 U.S.C. § 185)*

41. Defendants repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. Defendants admit that Plaintiffs make certain allegations contained in ¶ 42 of the Complaint concerning the basis of their claims, but deny that Plaintiffs are entitled to any relief.

43. Defendants deny the allegations contained in ¶ 43 of the Complaint.

44. Defendants deny the allegations contained in ¶ 44 of the Complaint.

45. Defendants deny the allegations contained in ¶ 45 of the Complaint.

46. Defendants deny the allegations contained in ¶ 46 of the Complaint.

47. Defendants deny the allegations contained in ¶ 47 of the Complaint.

## AS TO "THIRD CLAIM FOR RELIEF AGAINST ASIC"
*(Common Law Claim Against the Bond for Employer Contributions)*

48. Defendants repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. Defendants admit the allegations contained in ¶ 49 of the Complaint.

50. Defendants admit the allegations contained in ¶ 50 of the Complaint.

51. Defendants admit the allegations contained in ¶ 51 of the Complaint, except deny that the bond guaranteed benefits or contributions beyond the termination of the CBA.

52. Defendants deny the allegations contained in ¶ 52 of the Complaint.

53. Defendants deny the allegations contained in ¶ 53 of the Complaint.

54. Defendants deny the allegations contained in ¶ 54 of the Complaint.

## **AFFFIRMATIVE DEFENSES**

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

55. With respect to all claims for relief contained in the Complaint, Plaintiffs have failed to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

56. Plaintiffs have failed to exhaust available contractual and/or administrative remedies.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

57. All payments and contributions due to the Plaintiffs, if any, have been fully paid, and Defendants otherwise owe no duty or debt to Plaintiffs and such payment constitutes a complete defense to the Complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

58. Defendants are not liable for the relief sought because of the doctrine of "mutual mistake."

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

59. Defendants are not liable for the relief sought because it was fraudulently induced to enter into any alleged agreement.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

60. Defendants are not liable for the relief sought because there was no mutual assent between them and Plaintiffs.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

61. The relief Plaintiffs seek is precluded by the doctrine of novation.

<u>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</u>

62. The documents requested by Plaintiffs during a payroll audit of Defendant's books and records were overly broad.

<u>AS AND FOR A NINTH AFFIRMATIVE DEFENSE</u>

63. The relief Plaintiffs seek is precluded by the defense of waiver.

<u>AS AND FOR A TENTH AFFIRMATIVE DEFENSE</u>

64. Defendants are entitled to a setoff of any monies already paid to Plaintiffs.

<u>AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE</u>

65. Plaintiffs' claims are barred by the doctrines of laches, unclean hands, and/or estoppel.

<u>AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE</u>

66. Plaintiffs' claims are barred in whole or in party because they failed to mitigate their damages.

<u>AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE</u>

67. Plaintiffs' claims are barred in whole or in part because they have not been given authority to pursue a claim for unpaid benefits.

<u>AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE</u>

68. Plaintiffs' claims are barred in whole or in part because they seek to collect benefits for non-union workers.

<u>AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE</u>

69. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

70. Plaintiffs' claims are barred in whole or in part because Plaintiffs' own acts and dereliction of fiduciary duties prevent them from collecting benefits and/or contributions.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

71. The Complaint fails to state a claim on which an award of attorneys' fees can be granted.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

72. The Complaint must fail because the Court lacks jurisdiction.

### AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

73. The Complaint is barred by the doctrine of unjust enrichment.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

74. The Complaint must be dismissed because the CBA has been terminated in accordance with its terms.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

75. Defendant does not owe any delinquent contributions pursuant to 29 U.S.C. § 1145.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

76. Plaintiffs' claims are barred because Defendant's actions toward or concerning Plaintiffs were justified, privileged, taken in good faith, and for legitimate purposes, and were not in violation of any obligation owed to Plaintiffs (if and to the extent any exist).

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

77. Some or all of Plaintiffs' alleged damages are a result of Plaintiffs' own failures, inactions, actions, or omissions.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

78. Plaintiffs' claims are barred because the Audit's findings relate to payroll unrelated to any Covered Work.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

79. To the extent Plaintiffs have suffered any injury, which is denied, that injury is the result of Plaintiffs' own acts or omissions and not any act or omission of Defendants.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

80. The results of the audit(s) performed by the Funds' auditors to determine the amount of contributions allegedly owed by Defendants to the Funds are flawed, inaccurate, erroneous, and inflated.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

81. At all relevant times hereto, Defendants complied with all requirements of ERISA and LMRA.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

82. The CBA does not provide Plaintiffs the right to the relief they seek.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

83. If Defendants are found to have failed to pay Plaintiffs any amounts due, which Defendants deny, Defendants are entitled to credits and/or set off any overpayments or other sums owed by Plaintiffs against any judgment.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

84. Plaintiffs' Complaint fails to state a claim upon which either prejudgment or post-judgment interest, liquidated or punitive damages, attorneys' fees, costs and/or expenses may be awarded.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

85. The contract(s) alleged in the Complaint are void as against public policy.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

86. Plaintiffs' claims, in whole or in part, are preempted by ERISA.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

87. The contributions that Plaintiffs seek are illegal.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

88. Plaintiffs' claims are barred, in whole or in part, by the doctrines of release, accord and satisfaction.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

89. Plaintiffs' claims are barred, in whole or in part, by the doctrines of payment, tender, discharge, waiver, abandonment, and/or estoppel.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

90. Plaintiffs' claims in the Complaint are barred, in whole or in part, because Plaintiffs lack standing to assert the claims raised therein.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

91. Plaintiffs' claims are barred, in whole or in part, because Defendants did not enter into and are not bound by any agreement that obligates Defendants to pay the benefit fund contributions sought in this case.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

92. Upon information and belief, Plaintiffs' claims are barred and precluded, in whole or in part, as a result of the Plaintiffs' members' failure to authorize in writing wage deductions that constitute part or all of Plaintiffs' claims.

<u>AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE</u>

93. Upon information and belief, Defendants never received a demand for payment from the Plaintiffs and no further amounts are due and owing to the Plaintiff.

<u>AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE</u>

94. Defendants deny each and every allegation and claim in the Amended Complaint not expressly admitted herein.

<u>AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE</u>

95. The Employer properly terminated the CBA in accordance with its terms. <u>See</u> copy of termination letter annexed hereto as **Exhibit "A;"** <u>see</u> <u>also</u> copy of collective bargaining agreement annexed hereto as **Exhibit "B."**

<u>AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE</u>

96. Upon information and belief, Plaintiffs are seeking payment for categories of work not covered by the relevant bond.

<u>AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE</u>

97. The Surety's liability, if any, is limited to the penal sum of the subject bond.

<u>AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE</u>

98. Defendants have a defense founded upon documentary evidence.

<u>AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE</u>

99. The Complaint, in whole or in part, fails to provide the requisite short and plain statements of claim showing that Plaintiffs are entitled to relief as mandated by Rule 8 of the Federal Rules of Civil Procedure, requiring its dismissal for failure to meet the heightened pleading obligations established pursuant to <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Aschroft v. Iqbal</u>, 556 U.S. 662 (2009), and their progeny.

### AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

100. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to comply with common law and/or statutory conditions precedent to bringing its claim under the Bond.

### AS AND FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE

101. Upon information and belief, Plaintiffs have failed to satisfy conditions precedent to recovery under the terms of the Bond.

### AS AND FOR A FORTY-EIGHTH AFFIRMATIVE DEFENSE

102. The Surety's liability, if any, under the Bond is limited by their terms, and the Surety has no liability under the Bond for, *inter alia*, interest, liquidated damages, penalties, attorneys' fees and costs of suit sought by Plaintiffs.

### AS AND FOR A FORTY-NINTH AFFIRMATIVE DEFENSE

103. Upon information and belief, the Court lacks jurisdiction over the subject matter of the cause of action asserted against ASIC in the Amended Complaint.

### AS AND FOR A FIFTIETH AFFIRMATIVE DEFENSE

104. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations in New York State Finance Law §137 and/or any other applicable statute and/or limitation period in the Bond.

### AS AND FOR A FIFTY-FIRST AFFIRMATIVE DEFENSE

105. The Complaint is presented in conclusory and vague terms, which prevents Defendant from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery.

AS AND FOR A FIFTY-SECOND AFFIRMATIVE DEFENSE

106.     The Surety asserts and hereby incorporates all defenses of its principal, the Employer, and further reserves the right to assert other affirmative defenses as may be warranted as discovery proceeds.

**JURY DEMAND**

107.     Pursuant to Rule 38(b), Defendants hereby demand a trial by jury on all issues of fact and damages stated herein.

**WHEREFORE**, for all the reasons set forth above, Defendants hereby pray for an Order dismissing the Complaint of the Plaintiffs and each and every part thereof, for the reasonable cost and disbursements of this case, including reasonable attorneys' fees, and for such other and further relief as this honorable Court may deem just, proper, and equitable.

Dated:  Jamaica, New York
        May 24, 2024                            Respectfully submitted,

                                                **SAGE LEGAL LLC**
                                                */s/ Emanuel Kataev, Esq.*
                                                Emanuel Kataev, Esq.
                                                18211 Jamaica Avenue
                                                Jamaica, NY 11423-2327
                                                (718) 412-2421 (office)
                                                (917) 807-7819 (cellular)
                                                (718) 489-4155 (facsimile)
                                                emanuel@sagelegal.nyc

                                                *Attorneys for Defendants*
                                                *Spray in Place Solutions, LLC and*
**VIA ECF**                                     *Atlantic Specialty Insurance Company*
Virginia & Ambinder, LLP
Attn: Adrianna R. Grancio, Esq.
40 Broad Street, 7th Floor
New York, NY 10004
Tel: (212) 943-9080
agrancio@vandallp.com

*Attorneys for Plaintiffs*