# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

January 15, 2025

**VIA E-MAIL**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Peggy Kuo, U.S.M.J.
225 Cadman Plaza East
Courtroom 11C South
Brooklyn, NY 11201-1804

    *Re:*    **Trustees v. Spray in Place Solutions LLC,** *et ano.*
            **Case No.: 1:24-cv-2568 (KAM) (PK)**

Dear Judge Kuo:

    This office represents the Defendants in the above-referenced case. Defendants write in accordance with this Court's January 14, 2025 Order to submit Defendants' letter response in opposition to Plaintiff's letter motion for a discovery conference.

    For the reasons set forth below, Plaintiff's request should be denied.

    Plaintiff's complaint alleges that "[a]t all relevant times, [Spray in Place Solutions LLC ("SIPS")] was a party to, and/or manifested its intention to be bound by, a collective bargaining agreement … with the Union (the 'CBA')." <u>See</u> ECF Docket Entry 1 ¶ 10. The complaint, however, conspicuously fails to mention when SIPS entered into the CBA with the Union, and – critically – that SIPS terminated the CBA in accordance with its terms. <u>See</u> ECF Docket Entry 13 ¶¶ 24-26, 51 (alluding to termination of the CBA) as well as ¶¶ 74 and 95 (asserting affirmative defenses based on termination of the CBA).[1]

    Based on the foregoing, Plaintiffs are not entitled to any expanded audit, as the CBA does not provide for same. Moreover, SIPS' participation in any such audit could be perceived as a "manifestation of an intent" to be bound by the CBA, which SIPS is wary of doing as it properly effectuated a termination of the CBA on June 16, 2022. Indeed, the CBA is barren as to any post-termination audit provisions. As a result, SIPS would suffer manifest prejudice and is thus not prepared to provide discovery absent a stipulation from the Plaintiff and the non-party Union that engaging in the audit does not result in a "manifestation of an intent" to be bound by the CBA.

    To that end, your undersigned's efforts to reach the Union for their position have been unsuccessful thus far. Absent a response, Defendants will seek to implead the union in this case such that a full and final resolution may be made.

---

[1] The forty-first affirmative defense references and purports to attach the termination letter and a copy of the CBA, but were inadvertently not attached as exhibits. They are annexed hereto as **Exhibits "A"** and **"B,"** respectively.

  This Court should therefore issue a stay of thirty (30) days as the parties previously agreed in order to permit the parties to continue to work towards resolution amongst each other and with the non-party Union, with a deadline for Defendants to file a third-party complaint by a date certain barring the parties' successful resolution efforts.[2]

  Defendants thank this Court for its time and attention to this case.

Dated: Jamaica, New York
   January 15, 2025      Respectfully submitted,

               **SAGE LEGAL LLC**

               */s/ Emanuel Kataev, Esq.*
               Emanuel Kataev, Esq.
               18211 Jamaica Avenue
               Jamaica, NY 11423-2327
               (718) 412-2421 (office)
               (917) 807-7819 (cellular)
               (718) 489-4155 (facsimile)
               emanuel@sagelegal.nyc

               *Attorneys for Defendants*
               *Spray in Place Solutions, LLC and*
               *Atlantic Specialty Insurance Company*

**VIA ECF**
Virginia & Ambinder, LLP
<u>Attn</u>: Adrianna R. Grancio, Esq.
40 Broad Street, 7th Floor
New York, NY 10004
Tel: (212) 943-9080
agrancio@vandallp.com

*Attorneys for Plaintiffs*

---

[2] Your undersigned was unable to file the joint status report on November 27, 2024 because I had not heard back from Defendants about same in light of the holidays. At the time Plaintiff contacted your undersigned on December 20, 2024, I was out of the country halfway across the world and unable to respond by the December 31, 2024 deadline because I had contracted the flu the day prior while working to catch up on matters in the interim. Of note, Plaintiff did not attempt to meet-and-confer with your undersigned following the parties' November 20, 2024 telephonic conference, and Defendants respectfully submit that Plaintiff should have done so prior to filing the instant motion, as your undersigned was intermittently available by phone while traveling and otherwise available to discuss this case upon returning to the United States on December 24, 2024.