

40 Broad Street, 7th Floor
New York, NY 10004
Tel. (212) 943-9080
Fax (212) 943-9082

**Adrianna R. Grancio**
Partner
agrancio@vandallp.com

March 7, 2025

**<u>VIA ECF</u>**

Hon. Peggy Kuo, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

<blockquote>

**Re:** ***Trustees of the Plumbers Local No. 1 Welfare Fund et al. v. Spray in
Place Solutions, Inc.* et al, 24 CV 2568 (KAM)(PK)**

</blockquote>

Dear Judge Kuo,

This firm represents the Plaintiffs in the above-referenced case. We write jointly with counsel for Defendants Spray in Place Solutions, LLC ("SIPS") and Atlantic Specialty Insurance Company ("ASIC," together with SIPS, the "Defendants") in accordance with the Court's Minute Entry dated January 23, 2025, directing the parties to update the Court on the progress of discovery. *See* ECF Runner Minute Entry and Order dated January 23, 2025.

After the January 23, 2025 discovery conference, the Court directed the parties to confer and agree on language in a stipulation or otherwise make clear that participation in an expanded audit by Defendant Spray In Place Solutions, LLC does not indicate an intent to be bound by the collective bargaining agreement."

Promptly after that conference, Plaintiffs provided SIPS with documentation clarifying SIPS's obligation to submit to the audit through December 31, 2022, despite termination of the CBA. This documentation was requested by SIPS during the conference to facilitate appropriate revisions to the proposed stipulation.

On February 11, 2025, Plaintiffs' counsel emailed SIPS's counsel to confirm whether he would be preparing the revised stipulation. On February 20, 2024, SIPS's counsel provided a revised stipulation. However, the revised version continued to reference the Union and Union Arbitration – points that had been clearly communicated during the discovery conference as impossible for the Funds to agree to.



In addition, SIPS inserted an entirely new paragraph prohibiting the Funds from sharing information obtained in the audit with the Union and other third-parties.  The Funds responded that they cannot agree to these terms because the remittance reports are submitted through the Funds electronic reporting system ("ISSI") which the Union has access to.

As a result, on February 21, 2025, Plaintiffs informed SIPS that all references to the Union and Union arbitration must be removed and that the Funds could not agree to the new paragraph, as it would require the Funds to screen the Union and other third-parties from information the Union had free access to. On March 2, 2025, SIPS's counsel stated that SIPS refused to submit its outstanding remittance reports via the ISSI system[1] because that system was broken during the entire period that SIPS operated under the collective bargaining agreement with the Union. The Plaintiffs vehemently deny this allegation. Plaintiffs responded by informing SIPS that the remittance reports were required to complete the audit and that the Union and Association of Contracting Plumbers have access to the ISSI system, so the Funds could not agree to the stipulation. On March 3, 2025, SIPS's counsel indicated that he was on jury duty, but would discuss the matter with his client.

To date, Plaintiffs have not received a further revised stipulation. Moreover, SIPS has completely failed to respond to any of Plaintiffs' discovery demands, despite the Court clarifying that SIPS is not exempt from discovery obligations pending finalization of the stipulation. Plaintiffs intend to renew their discovery dispute with the Court.  Defendants submit that it would be wasteful to engage in motion practice and to permit the parties additional time to complete their negotiations of the stipulation so that the parties may complete the limited discovery necessary to achieve a resolution.

We thank the Court for its time and attention to this matter.


Respectfully submitted,


_____/s/_____
Adrianna R. Grancio, Esq.
*Attorneys for Plaintiffs*

_____/s/_____
Emanuel Kataev, Esq.
*Attorneys for Defendants*

---

[1] This is the only way for an employer to submit hours and contributions to the Funds and is necessary for completion of the audit.