

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080

**Adrianna R. Grancio**
Partner
agrancio@vandallp.com

March 18, 2025

**VIA ECF FILING**

Hon. Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Trustees of the Plumbers Local Union No. 1 Welfare Fund et al.,*
              *v. Spray in Place Solutions, LLC., et al*, 24-CV-2568 (KAM) (PK)

Dear Judge Kuo:

    This firm represents Plaintiffs in the above-referenced matter. Plaintiffs write jointly with Defendant Spray in Place Solutions, LLC ("SIPS" or "Defendant") pursuant to Local Civil Rule 37.2 and VI(A)(1) of your Honor's Individual Practice Rules to request a conference to resolve the parties' discovery dispute.

    **a. Background**

    Plaintiffs commenced this action on April 5, 2024, pursuant to Section 502(a)(3)and 515 of the Employee Retirement Income Security Act, as amended, ("ERISA"), 29 U.S.C. §§ 1132(a)(3), and 1145, Section 301 of the Labor Management Relations Act ("LMRA"), and common-law bond principles to recover delinquent employer contributions, interest, and other supplemental amounts owed to Plaintiffs by Defendant SIPS as contained in an audit of covering September 1, 2020 through June 30, 2022 (the "Audit"). *See* ECF Doc. No. 1. Plaintiffs also seek Defendant's compliance with an Expanded Audit covering through December 31 2023. *Id.*

    A civil case management plan and scheduling order went into effect on August 9, 2024 (the "Case Management Plan"). *See* ECF Doc. No. 17. In compliance with the Case Management Plan, on September 27, 2024, Plaintiffs served requests for the production of documents and first set of interrogatories ("Plaintiffs' Discovery Demands") on Defendant SIPS. SIPS was required to respond to Plaintiffs' Discovery Demands by October 27, 2024.

    As discussed at the August 9, 2024, conference, part of Plaintiffs' claims in this action includes a request for an expanded audit of Defendant SIPS through December 31, 2023. Since

Case 1:24-cv-02568-KAM-PK   Document 22   Filed 03/18/25   Page 2 of 3 PageID #: 156



September 2024, the parties have been working to finalize a stipulation regarding the production of audit documents. However, Defendant SIPS has consistently refused to fulfill its obligations, citing the need for the stipulation to be finalized first.

On January 10, 2025, Plaintiffs submitted a letter to the Court requesting a discovery conference to resolve the dispute. *See* ECF Doc. No. 19. On January 23, 2025, the Court held a discovery conference. The Court directed the parties to confer and agree on language in a stipulation or otherwise make clear that participation in an expanded audit by Defendant SIPS does not indicate an intent to be bound by the collective bargaining agreement." Promptly after that conference, Plaintiffs provided SIPS with documentation clarifying SIPS's obligation to submit to the audit through December 31, 2022, despite termination of the CBA. This documentation was requested by SIPS during the conference to facilitate appropriate revisions to the proposed stipulation.

The parties have reached an impasse on acceptable terms and language to be contained in a stipulation. To date, SIPS has completely failed to respond to any of Plaintiffs' discovery demands, despite the Court clarifying that SIPS is not exempt from discovery obligations pending finalization of the stipulation.

### b. *Plaintiffs Claims and the Outstanding Discovery*

Defendant SIPS's discovery deficiencies must be rectified before any substantive motion practice can be conducted, or even before settlement can be explored. Plaintiffs are seeking findings of an audit through December 31, 2022, for which they only have findings through June 30, 2022. The documents requested in Plaintiffs' Discovery Demands seek the necessary documents to complete the audit through December 31, 2022 and to ascertain the full scope of Plaintiffs' damages.

Plaintiffs have requested, *inter alia*, standard business and financial records such bank statements, general ledgers, employee time records, job location records, contracts and subcontracts, federal, state, and local income and payroll tax forms, certified payroll records, sign-in sheets, and canceled checks. Each of these requests is directly relevant to determining the hours worked by SIPS employees, whether the work fell within the Union's jurisdiction, and the amount of contributions reported and paid for such work.

Accordingly, Plaintiffs respectfully request a conference with the Court to resolve this discovery dispute.

### c. *Defendant SIPS Position*

On March 13, 2025, Plaintiffs' counsel reached out to Defendant SIPS's counsel to request their position on the discovery dispute. A copy of the email is attached as **Exhibit A**. On March 17, 2025, Plaintiffs' counsel followed up with a phone call to Defendant's counsel to obtain their position. The undersigned left a voicemail. Notably, Defendant's counsel's voicemail indicated that the preferred method of contact was via text message. In response, Plaintiffs' counsel sent a text message, a copy of which is attached as **Exhibit B**.

2



Respectfully submitted,

By: */s/ Adrianna R. Grancio*
Adrianna R. Grancio, Esq.

By: */s/ Emanuel Kataev*
Emanuel Kataev, Esq.