UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, TRADE EDUCATION FUND, AND 401(K) SAVINGS PLAN, TRUSTEES OF THE UNITED ASSOCIATION NATIONAL PENSION FUND, and TRUSTEES OF THE INTERNATIONAL TRAINING FUND,<br><br>                                                           Plaintiffs,<br><br>-against-<br><br>SPRAY IN PLACE SOLUTIONS, LLC and ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>                                                           Defendants. | 24 CV 2568 (KAM) (PK) |

**MEMORANDUM OF LAW IN SUPPORT OF VIRGINIA & AMBINDER, LLP'S
<u>MOTION TO WITHDRAW AS COUNSEL TO PLAINTIFFS</u>**

Adrianna R. Grancio, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
agrancio@vandallp.com

**PRELIMINARY STATEMENT**

Pursuant to Local Civil Rule 1.4(b)(2), Virginia & Ambinder, LLP ("V&A"), counsel for Plaintiffs the Trustees of the Plumbers Local Union No. 1 Welfare Fund, Trade Education Fund, and 401(k) Savings Plan (the "Funds"), submit this memorandum of law in support of its motion to withdraw as counsel. Given the parties' mutual decision to terminate the attorney-client relationship and the absence of any resulting undue delay, the Court should grant V&A's motion to withdraw as counsel. Accordingly, V&A respectfully request that the Court grant its motion to withdraw as counsel to the Plaintiffs.

**PROCEDURAL HISTORY AND RELEVANT FACTS**

Plaintiffs commenced this action against Defendants on April 5, 2024. *See* Declaration of Adrianna R. Grancio, Esq. ("Grancio Decl.") ¶ 3. On April 30, 2025, the Court extended discovery through July 29, 2025. *Id*. at ¶ 4. The Court also directed the parties to submit a joint status report certifying the close of discovery no later than July 29, 2025. *Id*.

V&A and the Plaintiffs mutually agreed to terminate the attorney-client relationship Plaintiffs have retained counsel from the law firm of O'Donoghue & O'Donoghue, LLP. *Id.* at ¶ 6-7; Ex. A. O'Donoghue has confirmed that it does not intend to seek modification of any existing deadlines or dates for court appearances in this case. *Id.* at ¶ 8; Ex. B. No trial date has been set. *See* Dkt., *generally.* Counsel for Defendants Spray in Place Solutions, LLC and Atlantic Specialty Insurance Company (collectively, the "Defendants") has no objection to the instant motion. *See* Grancio Decl. ¶ 9; Ex. C.

**ARGUMENT**

Under Local Civil Rule 1.4(b), "an attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court…Such an order may be granted only

1

upon a showing by affidavit or otherwise satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any on the calendar, and whether or not the attorney is asserting a retaining or charging lien…" Moreover, an affidavit is not required where substitution is made by stipulation signed by the client and where no modification of existing deadlines or scheduled dates is being sought. *See* Local Civil Rule 1.4(b)(2).

The decision to grant or deny a motion to withdraw as counsel lies within the sound discretion of the district court. *Finkel v. Fraterrelli Brothers, Inc.*, 2006 U.S. Dist. LEXIS 110388, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999)). In determining whether to grant a motion to withdraw as counsel, courts in this District consider two factors (1) the reasons for the withdrawal and (2) the impact on the timing and progress of the proceedings. *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 U.S. Dist. LEXIS 16674, at *1 (S.D.N.Y. Feb. 17, 2011); *see also Marciano v. DCH Auto Grp.*, 2016 U.S. Dist. LEXIS 202519, at *1 (S.D.N.Y. Feb. 2, 2016).

In evaluating motions to withdraw, courts often look to the New York Rules of Professional Conduct ("NYRPC"), which govern the conduct of attorneys practicing in New York's federal courts. *See Papadatos v. Home Depot U.S.A, Inc.*, 2022 U.S. Dist. LEXIS 104245, 2022 WL 2612353, at *1 n.1 (E.D.N.Y. June 10, 2022) ("The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." (citation omitted)). NYRPC Rule 1.16(c)(10) permits withdrawal where "the client knowingly and freely assents to termination of the employment." Moreover, courts in this district have consistently held that Local Rule 1.4 *requires* granting a motion to withdraw when the client has consented to termination of counsel. *Gatsby Yacht Grp., LLC v. M/Y "EAST BOUND & DOWN,"* 2020 U.S. Dist. LEXIS 267701 at *1 (E.D.N.Y. Oct. 16, 2020) (citing *Casper v. Lew*

2

*Lieberbaum & Co.*, 1999 U.S. Dist. LEXIS 7779, *4 (S.D.N.Y. May 26, 1999)). Denial of such a motion is only warranted in the most compelling circumstances. *Id.*

Here, V&A and the Plaintiffs have mutually agreed to terminate the attorney-client relationship. The Plaintiffs have freely and knowingly consented to this termination and have retained new counsel from the law firm of O'Donoghue. *See* Ex. A. Moreover, withdrawal will not unreasonably delay this matter since discovery has not closed and no trial date has been set. *Schwartz v. AMF Bowling Ctrs., Inc.*, 746 F. Supp. 3d 1, 7 (E.D.N.Y. Aug. 5, 2024) (recognizing no undue delay where a trial date has not been set); *Bueno v. Allcity Med., P.C.*, 2023 U.S. Dist. LEXIS 186121, at *2 (S.D.N.Y. Oct. 17, 2023) (granting withdrawal where discovery has not yet closed and the case is not on the verge of trial readiness); *Brown v. National Survival Games, Inc.*, 1994 U.S. Dist. LEXIS 16572, at *3 (N.D.N.Y. Nov. 18, 1994) (finding that because "[discovery] is not complete and the case is not presently scheduled for trial. . . . granting the instant motion will not likely cause undue delay"). Additionally, incoming counsel has confirmed that it does not intend to seek modification of any existing deadlines or dates for court appearances in this case. Grancio Decl. ¶ 8; Ex. B.

Given the parties' mutual decision to terminate the attorney-client relationship and the absence of any resulting undue delay, the Court should grant V&A's motion to withdraw as counsel.

## CONCLUSION

For the foregoing reasons, V&A respectfully requests that the Court grant its Motion and issue an order substituting O'Donoghue as counsel of record for the Plaintiffs in place and instead of V&A, and such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>June 30, 2025 | Respectfully submitted,<br><br>**VIRGINIA & AMBINDER**<br><br>*/s/ Adrianna R. Grancio*<br>Adrianna R. Grancio, Esq.<br>40 Broad Street, 7th Floor<br>New York, New York 10004<br>(212) 943-9080<br>agrancio@vandallp.com<br>*Attorneys for Plaintiffs* |

4

## WORD COUNT CERTIFICATION

  I, Adrianna R. Grancio, Esq., an attorney admitted to practice in the court of the State of New York, affirm the following to be true under penalties of perjury:

  1.  I am counsel of record for Plaintiffs.

  2.  The Memorandum of Law in Support of Virginia & Ambinder, LLP's Motion to Withdraw as Counsel to Plaintiffs dated June 30, 2025, contains 936 words exclusive of the caption and signature block, and thus does not exceed the word count limit of 8,750 as set forth in E.D.N.Y. Local Civil Rule 7.1(c). *See* E.D.N.Y. Local Civil Rule 7.1(c).

Dated: New York, New York  
   June 30, 2025

**VIRGINIA & AMBINDER, LLP**

*/s/ Adrianna R. Grancio*  
Adrianna R. Grancio, Esq.  
40 Broad Street, 7th Floor  
New York, New York 10004  
(212) 943-9080  
agrancio@vandallp.com  
*Attorneys for Plaintiffs*