

5301 Wisconsin Avenue, NW
Suite 800
Washington, DC 20015
T: 202-362-0041
F: 202-362-2640
www.odonoghuelaw.com

July 18, 2025

**VIA ELECTRONIC FILING**
Honorable Peggy Kuo U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Trustees of the Plumbers Local Union No. 1 Welfare Fund,*
      *et al. v. Spray in Place Solutions, LLC, et al.* 24 CV 2568 (KAM) (PK)
      **Letter Motion for a Premotion Discovery Conference**

Dear Judge Kuo:

      This firm represents Plaintiffs in the above-captioned action. Pursuant to your individual practices, we write jointly with counsel for Defendants Spray in Place Solutions, LLC and Atlantic Specialty Insurance Company ("Defendants") to request a conference for leave to file a motion to compel production pursuant to Federal Rule of Civil Procedure 37(3)(B).

      a. **Background**

      Plaintiffs commenced this action on April 5, 2024 pursuant to Section 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, ("ERISA"), 29 U.S.C. §§ 1132(a)(3), and 1145, Section 301 of the Labor Management Relations Act ("LMRA"), and common-law bond principles to recover delinquent employer contributions, interest, and other supplemental amounts owed to Plaintiffs by Defendant SIPS as contained in an audit of covering September 1, 2020 through June 30, 2022 (the "Audit"). *See* ECF No. 1. Plaintiffs' complaint also seeks Defendants' compliance with an expanded audit covering the period of July 1, 2022 through December 31, 2022 (the "Expanded Audit"). *See* ECF No. 23.

      Starting in September 2024, the parties negotiated to obtain a stipulation governing the production of documents, including documents related to the Expanded Audit. *See* ECF No. 19. After extensive negotiations, on March 25, 2025, Plaintiffs and Defendant Spray in Place Solutions ("SIPS") signed a Stipulation for the Production of Audit Documents ("Stipulation"). *See* ECF No. 23. Under the terms of the Stipulation, SIPS was obligated to, *inter alia*, within fifteen days of the execution of the Stipulation, produce all outstanding remittance reports through December 31, 2022, pay any undisputed contributions thereon determined to be due, and submit to an audit for the period of July 1, 2022 through December 31, 2022. *Id.* As of the date of this letter, SIPS has not produced the outstanding remittance reports through December 31, 2022, paid any undisputed amounts owed, or submitted to an audit for the period of July 1, 2022, through December 31, 2022.

b. **Plaintiffs' Proposed Motion and Request for Extension of the Discovery Deadline**

Plaintiffs seek SIPS' compliance with the Stipulation, i.e., for SIPS to produce all outstanding remittance reports through December 31, 2022, to pay any undisputed contributions determined to be owed, and to submit to an audit by Plaintiffs' auditors for the period of July 1, 2022 through December 31, 2022. By signing the Stipulation, Defendant has already agreed to comply with these requests, and each of these requests is directly relevant to determining the hours worked by SIPS employees, whether the work fell within the Union's jurisdiction, and the amount of contributions reported and paid for such work. Thus, the requested records are relevant and proportional because they are necessary for Plaintiffs to determine damages. *See Trustees of the Empire State Carpenters Welfare, Pension, Annuity, Apprenticeship, Charitable Trust v. KE Greer Infrastructure LLC*, 2012 WL 3929937 slip op. at 1 (Sept. 7, 2012) (court could not award damages in delinquent employer contributions case without evidence necessary to calculate amount of damages).

Accordingly, Plaintiffs respectfully request a conference with the Court to resolve this discovery dispute and, if the dispute cannot be resolved, for a briefing schedule to brief a motion to compel. Additionally, due to Defendants' failure to comply with the Stipulation, Plaintiffs respectfully request that the Court extend the discovery deadline to October 31, 2025. This extension would provide Plaintiffs the necessary time to obtain the documents required by the Stipulation and allow Plaintiffs' auditors to complete, finalize and issue the Expanded Audit. If granted, the Court would need to modify the deadline for the Joint Status Report certifying the completion of discovery to October 31, 2025, as well. This is the third request for an extension of the discovery deadline; the first two requests were granted. Defendants' counsel has indicated to Plaintiffs' counsel that he does not oppose the extension of the discovery deadline.

Respectfully submitted,

/s/ Diana R. Cohn
Diana R. Cohn (NY Bar No. 6141097)
*Counsel for the Plaintiffs*

/s/ Emanuel Kataev
Emanuel Kataev, Esq.
*Counsel for Defendants*