

5301 Wisconsin Avenue, NW
Suite 800
Washington, DC 20015
T: 202-362-0041
F: 202-362-2640
www.odonoghuelaw.com

March 11, 2026

**<u>VIA ELECTRONIC FILING</u>**
Honorable Peggy Kuo U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re: *Trustees of the Plumbers Local Union No. 1 Welfare Fund,***
> ***et al. v. Spray in Place Solutions, LLC, et al.* 24 CV 2568 (KAM) (PK)**
> **Letter Motion to the Court Requesting Conference to Resolve Discovery Dispute**

Dear Judge Kuo:

This firm represents Plaintiffs in the above-referenced matter. We write pursuant to Local Civil Rule 37.2 and VI(A)(1) of your Honor's Individual Practice Rules to respectfully request the Court schedule a conference to resolve the parties' discovery dispute and if the dispute cannot be resolved, for a briefing schedule to brief a motion to compel.

### a. Background

Plaintiffs commenced this action on April 5, 2024, pursuant to Section 502(a)(3)and 515 of the Employee Retirement Income Security Act, as amended, ("ERISA"), 29 U.S.C. §§ 1132(a)(3), and 1145, Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and common-law bond principles to recover delinquent employer contributions, interest, and other supplemental amounts owed to Plaintiffs by Defendant Spray In Place Solutions, LLC ("SIPS") as reflected in an audit covering September 1, 2020 through June 30, 2022 (the "Audit"). *See* ECF Doc. No. 1. Plaintiffs also sought Defendant's compliance with an expanded audit covering the time period through December 31, 2023. *Id.*

The parties entered into a stipulation on March 25, 2025 that governed compliance with this expanded audit and required that Defendants pay any undisputed contributions determined to be due. The stipulation was fully satisfied on February 2, 2026. Defendants reported to the Court in October 2025 that because the parties previously focused their efforts on obtaining the discovery necessary to complete an audit pursuant to a stipulation, *see* ECF Docket Entry 23, and that audit is now complete, the parties' dispute now centers on whether the audit findings are appropriate, necessitating a separate phase of discovery.

A new civil case management plan and scheduling order went into effect on October 14, 2025. *See* ECF Docket Entry 40. In compliance with the Case Management Plan, on November

25, 2025, Plaintiffs timely and properly served Defendants with discovery requests, including twenty-one (21) individual Requests for Production of Documents from Defendant SIPS and one (1) individual Request for Production of Documents from Defendant Atlantic Specialty Insurance Company ("ASIC"). Plaintiffs further timely and properly served Defendant SIPS with ten (10) interrogatories. Pursuant to Federal Rule of Civil Procedure 34(b)(2), the "party to whom the request is directed must respond in writing within 30 days after being served." Federal Rule of Civil Procedure 33(b) states, "The interrogatories *must be answered*. . . by the party to whom they are directed. . . . The "responding party *must serve its answers and any objections* within 30 days after being served with the interrogatories." Rule 33 further states, "[e]ach interrogatory *must*, to the extent it is not objected to, *be answered separately and fully in writing under oath*." Therefore, SIPS was required to respond by December 25, 2025. To date, despite multiple attempts to work with Defendants without the need for Court intervention, Plaintiffs still have received no documents responsive to their requests and no written responses to their requests.

### b. Plaintiffs' Claims and the Outstanding Discovery

Defendant SIPS's discovery deficiencies must be rectified before any substantive motion practice can be conducted, or even before a settlement can be fully explored. Defendants argue that the audit findings need to be reduced almost entirely due to the inclusion in the audit of work not covered under the collective bargaining agreement, either due to the nature of the work or due to the geographical location of the work performed. Plaintiffs have received no documentation to support these allegations and cannot analyze these claims without proper supporting documentation.

In accordance with Fed. R. Civ. P. 37(a)(1) and Individual Practice Rule VI(A), Plaintiffs sent Defendants a letter on January 28, 2026 detailing Defendants' discovery deficiencies and requesting to meet and confer on the discovery dispute. Defendants' counsel called Plaintiffs' counsel on February 5, 2026, requesting additional time to provide complete responses and production of documents through February 13, 2026. Plaintiffs extended professional courtesy and allowed Defendants the additional time. Plaintiffs did not receive any responses or documentation by February 13, 2026. On February 17, 2026, Plaintiffs notified Defendants of their continued failure to comply with their discovery obligations and for the second time, put them on notice that Plaintiffs were prepared to move forward with a Motion to Compel and for sanctions if Defendants did not provide complete responses and production of responsive documents. On February 19, 2026, when Plaintiffs had received no further response from Defendants, Plaintiffs circulated a draft of this Joint Motion. The same day, Defendants responded asking for an additional extension to February 20, 2026. To date, Plaintiffs have not received any response to Plaintiffs' discovery requests.

Plaintiffs have requested, *inter alia*, standard business and financial records such as bank statements, general ledgers, employee time records, job location records, contracts and subcontracts, federal, state, and local income and payroll tax forms, certified payroll records, sign-in sheets, and canceled checks. Each of these requests is directly relevant to determining the hours worked by SIPS employees, whether the work fell within the Union's jurisdiction, and the amount of contributions reported and paid for such work.

Accordingly, Plaintiffs respectfully request a conference with the Court to resolve this dispute, and if the dispute cannot be resolved, for a briefing schedule to brief a motion to compel.

**c.   Defendant SIPS Position**

Plaintiffs attempted on February 19th and February 26th as well as on March 5th to obtain Defendants' position for a joint filing as required under VI(A)(1) of your Honor's Individual Practice Rules. To date, Defendants have not provided one, which has led to Plaintiffs filing this individually.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Rebecca W. Richardson*
Rebecca W. Richardson, Esq.
*Counsel for the Plaintiffs*