# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

March 16, 2026

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Peggy Kuo, U.S.M.J.
225 Cadman Plaza East
Courtroom 11C South
Brooklyn, NY 11201-1804

>    *Re:*    **Trustees v. Spray in Place Solutions LLC,** *et ano.*
>             <u>Case No.: 1:24-cv-2568 (KAM) (PK)</u>

Dear Judge Kuo:

This office represents the Defendants in the above-referenced case. Defendants write in accordance with this Court's March 12, 2026 Order to submit Defendants' letter response in opposition to Plaintiff's letter motion for a discovery conference.

For the reasons set forth below, Plaintiff's request should be denied as premature.

## Relevant Procedural History and Factual Background

Defendant Spray in Place Solutions LLC ("SIPS") entered into a collective bargaining agreement ("CBA") with the Plumbers and Gasfitters Local Union No. 1 (the "Union") because it was awarded a prevailing wage job in a covered territory of the Union. <u>See</u> ECF Docket Entry <u>20-2</u>. After this work was completed, SIPS exercised its right to terminate the CBA effective as of December 31, 2022. <u>See</u> ECF Docket Entry <u>20-1</u>.

Plaintiffs sought an audit of SIPS through December 31, *2023*, <u>beyond</u> the termination date of December 31, 2022, leading to this litigation. Plaintiffs ultimately conceded that they were not entitled to audit SIPS a year beyond its termination of the CBA, and expressly agreed that SIPS' submission to an audit of July 1, 2022 through December 31, 2022 would not result in invalidating SIPS' termination of the CBA or that doing so would otherwise result in creating, reinstating, or manifesting any intent to become a party to any CBA between SIPS and the Union. <u>See</u> ECF Docket Entry <u>23</u>.

The discovery sought by Plaintiffs was already in their possession, custody, and control by virtue of the fact that virtually all of the documents were provided to Plaintiffs' auditors. Indeed, during settlement negotiations, when your undersigned referenced such documents, Plaintiffs produced one such document as an example, demonstrating that they are in possession, custody, and control of the documents produced by SIPS to the auditors.

Notwithstanding telephonic meet-and-confers with Plaintiffs about this point, because Plaintiffs insisted on having Defendants reproduce these documents, sufficient time was necessary to do so and your undersigned was overly optimistic about how soon it may be accomplished.

**The Delay by Defendants in Responding to Discovery Demands**

Although Defendants' undersigned counsel did agree to provide responses and their production by February 13, 2026, these plans were supplanted by the Order of the Hon. James M. Wicks, U.S.M.J. ("Judge Wicks") requiring the parties in <u>Superb Motors Inc, *et al.* v. Deo, *et al.*</u> to appear in person in Judge Wicks' courtroom to complete the deposition of Defendant Anthony Deo due to disputes that arose at his deposition the day prior. <u>See</u> Case No.: 2:23-cv-6188 (JMW), Text Only Order dated February 12, 2026 and ECF Docket Entry 412.

As a result, because your undersigned was required to be present in Judge Wicks' courtroom from approximately 9:00 AM until after 3:00 PM, Defendants were unable to timely respond. Thereafter, your undersigned was on a long-planned first-time family vacation with his two (2) daughters out of the country from February 16, 2026 through February 24, 2026,[1] returning home two (2) days later than planned due to the snowstorm on February 22, 2026. The foregoing confluence of events regrettably led to the delay in providing the responses to discovery demands and Defendants' first production of documents.

In addition to the foregoing circumstances, the records sought by Plaintiffs are voluminous in nature and contain highly sensitive and confidential financial information. This took substantial time by SIPS to reproduce[2] same to me for production herein.

**The Defendants' Efforts to Comply with Their Discovery Obligations**

Today, Defendants provided formal responses to each of the Plaintiffs' discovery demands.

Defendants also compiled a 2,585 page production and contacted Plaintiffs to meet-and-confer with them about: (i) entering into a confidentiality stipulation and Order; (ii) providing Defendants' first production of documents upon execution of same; and (iii) requesting that their motion for a conference be withdrawn without prejudice in light of the foregoing circumstances to permit the parties to review and discuss whether there remain any issues with Defendants' discovery responses.

The parties met-and-conferred telephonically. Plaintiffs were amenable to reviewing a draft confidentiality stipulation and Order, as they were to receiving Defendants' first production of documents upon execution of same (subject to their review of the draft), but were not prepared to withdraw their motion without prejudice without first reviewing the production.

---

[1] Your undersigned did seek to complete the work required while on vacation, but the lack of a reliable internet connection dashed this endeavor in light of the large size of the files.

[2] Your undersigned previously represented SIPS in his role as an associate, later partner, at Milman Labuda Law Group PLLC ("MLLG"). Because your undersigned did not have access to the files SIPS produced to MLLG in connection with the Plaintiffs' audits prior to this litigation, it was required to locate and reproduce these documents for production in this case.

2

Defendants prepared a slightly modified confidentiality stipulation based on the draft contained in this Court's Chamber's website and submitted same to Plaintiffs for review and consideration.  Defendants anticipate submitting a joint letter requesting the Court so Order same tomorrow.

**Conclusion**

Based on the foregoing, a ruling on the need for a discovery conference should be deferred until this Court so Orders the parties' proposed confidentiality stipulation and gives Plaintiffs an opportunity to review Defendants' production of documents to determine whether any issues remain.

Defendants thank this Court for its time and attention to this case, and apologizes for the delay in getting the discovery responses out.

Dated: Jamaica, New York
      March 16, 2026                 Respectfully submitted,

                            **SAGE LEGAL LLC**

                            */s/ Emanuel Kataev, Esq.*
                            Emanuel Kataev, Esq.
                            18211 Jamaica Avenue
                            Jamaica, NY 11423-2327
                            (718) 412-2421 (office)
                            (917) 807-7819 (cellular)
                            (718) 489-4155 (facsimile)
                            emanuel@sagelegal.nyc

                            *Attorneys for Defendants*
                            *Spray in Place Solutions, LLC and*
                            *Atlantic Specialty Insurance Company*

**VIA ECF**
O'Donoghue & O'Donoghue LLP
<u>Attn</u>: Rebecca W. Richardson
5301 Wisconsin Ave. NW, Suite 800
Washington, DC 20015
(202) 274-2439 (office)
rrichardson@odonoghuelaw.com

*Attorneys for Plaintiffs*