

5301 Wisconsin Avenue, NW
Suite 800
Washington, DC 20015
T: 202-362-0041
F: 202-362-2640
www.odonoghuelaw.com

May 26, 2026

**VIA ELECTRONIC FILING**
Honorable Peggy Kuo U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:** ***Trustees of the Plumbers Local Union No. 1 Welfare Fund,***
> ***et al. v. Spray in Place Solutions, LLC, et al.*** **1:24-cv-2568 (KAM) (PK)**
> **Joint Request for Referral to Mediation**

Dear Judge Kuo:

This firm represents Plaintiffs in the above-referenced matter. We write jointly with the Defendants to respectfully request that the Court refer this matter to mediation before the Eastern District of New York Mediation Panel, establish a deadline sixty (60) days from said referral for the Parties to complete mediation, and hold the Parties' deadlines for completion of discovery and commencing dispositive motion practice in abeyance during said sixty (60) day period so as to permit the Parties to focus their time and resources on their settlement efforts.

Briefly, and by way of background, Plaintiffs commenced this action on April 5, 2024, pursuant to Section 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, ("ERISA"), 29 U.S.C. §§ 1132(a)(3), and 1145, Section 301 of the Labor Management Relations Act ("LMRA"), and common-law bond principles to recover delinquent employer contributions, interest, and other supplemental amounts owed to Plaintiffs by Defendant SIPS as contained in an audit covering September 1, 2020 through June 30, 2022 (the "Audit"). *See* ECF Doc. No. 1. Plaintiffs also sought Defendant's compliance with an Expanded Audit covering the period through December 31, 2023. *Id.*

The parties entered into a stipulation on March 25, 2025 that governed compliance with this Expanded Audit and required that Defendants pay any undisputed contributions determined to be due. The stipulation was fully satisfied on February 2, 2026. Defendants reported to the Court in October 2025 that because the parties previously focused their efforts on obtaining the discovery necessary to complete an audit pursuant to a stipulation, *see* ECF Docket Entry 23, and that audit is now complete, the parties dispute now centers on whether the findings are appropriate, necessitating a separate phase of discovery. A new civil case management plan and scheduling order went into effect on October 14, 2025. *See* ECF Docket Entry 40. The Parties have engaged in extensive discovery and had one additional deposition scheduled for May 28, 2026 before discovery closes on June 1, 2026, which the Parties are willing to postpone to avoid potentially unnecessary costs.

Notwithstanding the Parties' diligent discovery efforts, including the voluminous and extensive nature of information and documentation exchanged thus far, given the Parties' continued substantive settlement efforts, the Parties believe mediation would be helpful in resolving this matter without the need for continued, costly litigation.

Accordingly, the Parties respectfully request that the Court refer this matter to mediation before the Eastern District of New York Mediation Panel, establish a deadline sixty (60) days from said referral for the Parties to complete mediation, and hold the Parties' deadlines for completion of discovery and commencing dispositive motion practice in abeyance during said sixty (60) day period so as to permit the Parties to focus their time and resources on their settlement efforts. Lastly, while the Parties believe engaging in continued formal discovery, including depositions, would only increase costs unnecessarily and divert time from settlement efforts, to the extent the Court is inclined not to hold discovery in abeyance for sixty (60) days, we further write, on Defendants consent, to respectfully request the Court refer this matter to mediation and, alternatively, extend the Parties discovery deadline for sixty (60) days, or until Monday, August 1, 2026, to permit the Parties to simultaneously proceed with mediation and the completion of discovery.

We sincerely thank the Court for its time and attention to this matter, and its consideration of the foregoing.

Respectfully submitted,

/s/ *Rebecca W. Richardson*
Rebecca W. Richardson, Esq.
*Counsel for the Plaintiffs*

/s/ *Emanuel Kataev*
Emanuel Kataev, Esq.
*Counsel for the Defendants*