O'DONOGHUE & O'DONOGHUE LLP
EST. 1935

5301 Wisconsin Avenue, NW
Suite 800
Washington, DC 20015
T: 202-362-0041
F: 202-362-2640
www.odonoghuelaw.com

September 11, 2026

**VIA ELECTRONIC FILING**
Honorable Peggy Kuo U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *Trustees of the Plumbers Local Union No. 1 Welfare Fund, et al. v. Spray in Place Solutions, LLC, et al.* 1:24-cv-2568 (KAM) (PK)**
**Joint Motion for Limited Extension of Time to Complete Discovery and for Referral to Settlement Conference**

Dear Judge Kuo:

This firm represents Plaintiffs in the above-referenced matter. We write jointly with the Defendants to respectfully request that the Court briefly extend the Parties' deadline for completion of discovery for a period of fourteen (14) days for the limited purpose of permitting the Plaintiffs to conduct a 30(b)(6) deposition of Defendant Spray in Place. Plaintiffs have made multiple attempts to schedule this deposition within the current discovery period but have been unable to agree on a mutually convenient date. The Parties are currently exploring September 23 or September 25, 2026 for the 30(b)(6) deposition and kindly request the Court extend the current close of discovery for the limited purpose of conducting this deposition. The Parties further write to report that unfortunately, mediation was unsuccessful in this case but the Parties remain hopeful they can resolve this case without further protracted litigation. The Parties write to respectfully request the Court refer the Parties to a settlement conference with a Magistrate Judge. The Parties are considering a Rule 73 motion and would prefer to have a Magistrate Judge that will not potentially oversee this case facilitate settlement discussions.

Briefly, and by way of background, Plaintiffs commenced this action on April 5, 2024, pursuant to Section 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, ("ERISA"), 29 U.S.C. §§ 1132(a)(3), and 1145, Section 301 of the Labor Management Relations Act ("LMRA"), and common-law bond principles to recover delinquent employer contributions, interest, and other supplemental amounts owed to Plaintiffs by Defendant SIPS as contained in an audit covering September 1, 2020 through June 30, 2022 (the "Audit"). *See* ECF Doc. No. 1. Plaintiffs also sought Defendant's compliance with an Expanded Audit covering the period through December 31, 2023. *Id.*

The parties entered into a stipulation on March 25, 2025 that governed compliance with this Expanded Audit and required that Defendants pay any undisputed contributions determined to be due. The stipulation was fully satisfied on February 2, 2026. Defendants reported to the Court

in October 2025 that because the parties previously focused their efforts on obtaining the discovery necessary to complete an audit pursuant to a stipulation, *see* ECF Docket Entry 23, and that audit is now complete, the parties dispute now centers on whether the findings are appropriate, necessitating a separate phase of discovery. A new civil case management plan and scheduling order went into effect on October 14, 2025. *See* ECF Docket Entry 40. The Parties have engaged in extensive discovery and had one additional deposition scheduled for May 28, 2026 before discovery closed on June 1, 2026, which the Parties postponed to avoid potentially unnecessary costs.

Notwithstanding the Parties' diligent discovery efforts, including the voluminous and extensive nature of information and documentation exchanged thus far, given the Parties' continued substantive settlement efforts, the Parties believed mediation would be helpful in resolving this matter without the need for continued, costly litigation.

Accordingly, on May 26, 2026, the Parties respectfully requested that the Court refer this matter to mediation before the Eastern District of New York Mediation Panel, which the Court granted on May 27, 2026. The Court held the Parties' deadline to complete discovery and commence dispositive motion practice in abeyance for 60 days to allow the Parties to attend mediation and focus their efforts on resolution of this matter. On July 16, 2026, the Parties attended mediation and made substantial progress towards a resolution but were unable to come to greed-upon settlement terms in that session. The Parties believe they have exhausted their mediation efforts at this point but respectfully request a referral to a settlement conference as they believe a Magistrate Judge other than the magistrate judge assigned to this case overseeing negotiations may be more effective and the Parties are still hopeful continued protracted litigation in this case will not be necessary.

Despite these settlement efforts, Plaintiffs still require certain information to proceed with dispositive motions should the Parties continue to be unable to settle this matter. As the Parties have reported previously, a central issue in this matter is to what extent Defendant Spray in Place performed work covered by the applicable collective bargaining agreement during the audit period. The documentation provided through discovery requires further explanation to this end. The information sought through the 30(b)(6) deposition is essential to Plaintiffs' claims and is critical before dispositive motion practice can proceed.

The Parties therefore respectfully request the Parties' deadline to complete discovery be extended briefly from September 15, 2026 to September 29, 2026 and that the Court refer the Parties to a settlement conference. This extension is not intended to affect any other deadlines in this case. This is the Parties' third request to extend these deadlines; the prior requests were granted.

We sincerely thank the Court for its time and attention to this matter, and its consideration of the foregoing.

Respectfully submitted,

/s/ *Rebecca W. Richardson*
Rebecca W. Richardson, Esq.
*Counsel for the Plaintiff*

/s/ *Emanuel Kataev*
Emanuel Kataev, Esq.
*Counsel for the Defendants*