O'DONOGHUE & O'DONOGHUE LLP
EST. 1935

5301 Wisconsin Avenue, NW
Suite 800
Washington, DC 20015
T: 202-362-0041
F: 202-362-2640
www.odonoghuelaw.com

October 12, 2026

**VIA ECF**
Hon. Kiyo A. Matsumoto, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: ***Trustees of the Plumbers Local Union No. 1 Welfare Fund, et al. v. Spray in Place Solutions, LLC, et al. 1:24-cv-2568 (KAM) (PK)***

Dear Judge Matsumoto:

This firm represents Plaintiffs in the above-referenced action. Plaintiffs write, pursuant to Magistrate Judge Peggy Kuo's July 28, 2026 scheduling Order, and Rule III.B. of the Court's Individual Practices and Rules to respectfully request that the Court schedule a pre-motion conference in anticipation of Plaintiffs' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiffs, a group of Taft-Hartley multiemployer employee benefit funds affiliated with Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada (the "Union") intend to file a motion for summary judgment as there is no genuine issue of material fact that Defendant Spray in Place Solutions, LLC ("SIPS") failed to remit benefit fund contributions for each hour of plumbing work performed by its covered employees in violation of the relevant collective bargaining agreements and section 515 of the Employee Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145 and the Labor Management Relations Act ("LMRA"). SIPS' failure to remit all required contributions to Plaintiffs is evidenced by Plaintiffs' audit of SIPS for the period of September 1, 2020 through December 31, 2022 (the "Audit"), which identified a deficiency in the principal amount of $74,514.77. Plaintiffs are further seeking interest thereon, and liquidated damages, all of which are awarded under the relevant collective bargaining agreements and section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2). Plaintiffs are also entitled to their attorneys' fees and costs incurred in collecting said sums. *Id.*

## I. Background

Plaintiffs commenced this action pursuant to ERISA Sections 502(a)(3) and 515, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, to recover unpaid

contributions from Defendant SIPS and its surety guaranteeing its liabilities over the applicable time period in addition to seeking compliance with an expanded audit to determine and resolve all amounts owed to the Plaintiffs. Specifically, at all relevant times, Defendant was a party to a collective bargaining agreement with the Union, which required Defendant to make hourly contributions to the Plaintiffs for all work performed in the trade and geographical jurisdiction of the Union ("Covered Work"). Pursuant to Plaintiffs' audit of SIPS for the period of September 1, 2020 through June 30, 2022, Plaintiffs determined that Defendant SIPS did not remit employer contributions in accordance with the applicable agreements. Plaintiffs brought the instant action to recover for Defendant's delinquencies and for the interest, liquidated damages, and other fees and costs associated with these unpaid contributions and to compel Defendant SIPS' compliance with an expanded audit.

## II. Plaintiffs are Entitled to Summary Judgment as There is No Dispute that Defendant Failed to Remit Contributions to the Plaintiffs for all Covered Work

The evidence in this case demonstrates that Defendant was obligated to timely remit contributions at the correct contribution rate to Plaintiffs for all hours of Covered Work and that Defendant failed to do so such that no reasonable factfinder could find otherwise, entitling Plaintiffs to summary judgment.

According to the CBA to which Defendant was bound, SIPS agreed to pay wages *and benefits* as a compensation package to each of its employees performing covered plumbing work. Covered Work defined under the terms of the CBA includes but is not limited to "Any repair and/or replacement of the present plumbing system at commercial sites and/or residential buildings." SIPS does not dispute that it performed Covered Work during the audit period.

In signing the CBA, SIPS further "agree[d] to keep its labor payrolls and job and time books and comprehensive books available for joint inspection by representatives of the Union and the Association, and the accountant of the Joint Plumbing Industry Board [the Board of Trustees of the Funds], who shall be permitted to examine same to . . . check the Fringe Benefits. . . ." Pursuant to the CBA, Trust Agreements, and Collection Policies, Plaintiffs, upon stipulation with SIPS after the litigation was initiated, engaged their accounting firm to conduct an audit of Defendant covering the period September 1, 2020 through December 31, 2022. Plaintiffs' auditor reviewed Defendant's payroll, general ledger, and tax records to determine the number of hours of Covered Work performed by each employee of Defendant for this period. The auditor determined that Defendant did not remit contributions for every hour of Covered Work, and therefore contributions are owed to the Funds. Defendant has made baseless assertions that certain hours did not represent Covered Work but to date, despite countless requests for such documentation from the Plaintiffs, has not provided sufficient evidence rebutting this conclusion. The evidence will therefore undisputedly show that plumbers employed by SIPS were paid plumber rates for hours that they did not receive the associated fringe benefits required under the CBA SIPS signed. Accordingly, Plaintiffs are entitled to summary judgment, finding that Defendant owes contributions to the Funds.

Even if Defendants dispute the amount of contributions owed during the audit period, Plaintiffs intend to request summary judgment on liability and a formal inquest to resolve any dispute of material facts found as to the amount of damages owed.

**III. Interest, Liquidated Damages, Attorneys' Fees and Cost**

Plaintiffs are also entitled to interest, fees, and damages pursuant to Section 502 of ERISA, 29 U.S.C. § 1132. Section 502(g)(2) of ERISA provides that in any action under Section 502(g)(2) and 515 of ERISA in which a judgment in favor of the Funds is awarded, the court shall award the plan unpaid contributions, interest, damages in *an amount equal to the greater of* interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not to exceed 20 percent, reasonable attorneys' fees, and such other legal or equitable relief as the court deems appropriate. The CBA and Plaintiffs' Trust Agreements require the payment of interest at the rate of ten percent on all unpaid contributions, liquidated damages in the amount of twenty percent of the amount of delinquent contributions, reasonable attorneys' fees, and court costs. There is no dispute of material fact that these amounts are owed by Defendant to Plaintiffs. Accordingly, Plaintiffs are entitled to summary judgment for these amounts.

**IV. Conclusion**

In light of the documentary evidence proffered by the parties, there can be no genuine issue of material fact regarding the fact that (1) SIPS was bound to a collective bargaining agreement with the Union; and (2) SIPS failed to remit benefit contributions as required by ERISA and the LMRA.

The Funds respectfully request a pre-motion conference in anticipation of their summary judgment motion against all Defendants for Defendant SIPS' violations of ERISA and the LMRA.

Plaintiffs propose the following briefing schedule:

Deadline for Plaintiffs to file their Motion for Summary Judgment: November 30, 2026
Deadline for Defendants to file their Response to Plaintiffs' Motion for Summary Judgment: December 31, 2026
Deadline for Plaintiffs to Reply to Defendants' Response: January 21, 2026

We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/
Rebecca W. Richardson, Esq.