UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, TRADE EDUCATION FUND, AND 401(K) SAVINGS PLAN,

Plaintiffs,

-against-

SPRAY IN PLACE SOLUTIONS, LLC and ATLANTIC SPECIALTY INSURANCE COMPANY,

Defendants.

24 CV 2568 (KAM)(PK)

**DECLARATION OF WENDY SALVATIERRA IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Wendy Salvatierra declares:

1. I am the Administrator for the Trustees of the Plumbers Local Union No. 1 Welfare Fund, Trade Education Fund, and 401(k) Savings Plan (collectively, the "Local 1 Funds"). I submit this Declaration in support of Plaintiffs' application for summary judgment against Defendant Spray in Place Solutions, LLC ("SIPS").

2. The Local 1 Funds act as the collections agent for the Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union").

3. As Administrator for the Trustees of the Local 1 Funds, I am responsible for collecting all monies owed to the Local 1 Funds and all entities for which the Local 1 Funds act as a collections agent by the various employers that have entered into collective bargaining agreements with the Union.

4. The Funds are administered at 50-02 Fifth Street, Second Floor, Long Island City, New York 11101.

5. On or about November 26, 2019, SIPS executed a renewal agreement as a signatory to the Union's Mechanical Equipment and Service Division Collective Bargaining Agreement detailing the terms and conditions for certain mechanical equipment servicing work within the City of New York covering the period October 1, 2019 through December 31, 2022 (the "MES Agreement"). A copy of the renewal agreement is attached hereto as **Exhibit 1**.

6. The MES Agreement requires that any entity bound to the agreement remit contributions to the Funds for all hours of covered work performed by its employees. A copy of the 2019-2022 MES CBA is attached hereto as **Exhibit 2**. *See* Ex. 2, Arts. III, IV.

7. The MES Agreement provides that "[a]ny entity wishing to abrogate this Agreement must notify both the Association and the Union in writing by regular and express delivery mail a minimum of one hundred and eighty (180) days prior to the expiration date of this Agreement." *See* Ex. 2, Article XVI.

8. The 2019-2022 MES CBA renewal agreement states, "[t]he undersigned Plumbing Contractor and individual signatory agree that the Collective Bargaining Agreement to which they shall be bound shall continue in effect until and including December 31, 2022 and during each year thereafter unless on or before the thirtieth (30th) day of June 2022, on or before the thirtieth (30th) day of June of any year thereafter, written notice of termination or proposed changes shall have been served by either party on the other party via certified or registered mail." *See* Ex. 1.

9. On June 16, 2022, the Union informed the Funds that SIPS served written notice of intent to abrogate and the Union acknowledged this request on June 29, 2022. As a result, SIPS remained bound to the 2019-2022 MES Agreement through the expiration of its written term—December 31, 2022. A true and correct copy of the notice of intent to abrogate and the Union's acknowledgement is attached hereto as **Exhibit 11**.

10. Accordingly, at all relevant times, Defendant was bound to a CBA with the Union.

11. Each of the individual Plaintiff Funds are governed by a trust agreement. As administrator of the Local 1 Funds, I maintain copies of each of the trust agreements. True and accurate copies of the trust agreements for the Plumbers Local Union No. 1 Welfare Fund, Trade Education Fund, and 401(k) Savings Plan (collectively, the "Trust Agreements") are annexed hereto as **Exhibits 3, 4, and 5**, respectively.

12. The Trust Agreements are incorporated by reference in the CBA and are binding upon SIPS. *See* Ex. 2, Art. XV.

13. The Trust Agreements permit the Local 1 Funds to establish policies, rules, and procedures to collect unpaid contributions to the Funds. *See* Exs. 3-5, Art. VI, Sec. 6.

14. Pursuant thereto, at the June 24, 2021 meeting of the Trustees, the Local 1 Funds adopted a Policy for Collection of Delinquent Fringe Benefit Employer Contributions (the "Local 1 Fringe Benefit Collection Policy") and Joint Policy for Collection of Delinquent Employee Contributions and Participant Amounts ("401k Collection Policy," together with the Local 1 Fringe Benefit Collection Policy, the "Local 1 Collection Policies"). A copy of the applicable Local 1 Fringe Benefit Collection Policies are annexed hereto as **Exhibits 6(a),(b)**. A copy of the applicable 401(k) Collection Policies are annexed hereto as **Exhibits 7(a), (b)**.

15. The CBAs, Trust Agreements, and Collection Policies require Defendant SIPS to submit reports ("remittance reports") to the Funds detailing the number of hours of all plumbing work and other specified work performed on behalf Defendant within the trade and geographical jurisdiction of the Union ("Covered Work") performed by its employees, as well as the corresponding benefit contributions to the Funds and to remit other specified amounts, including Union dues withheld from its employees' pay to the Funds in connection with Covered Work, no

later than the twentieth (20th) day of the month following the month in which the hours were worked. *See* Ex. 2, Arts. II, III, IV, VIII-X; Exs. 3-5, Art. VI; Exs. 6-7, Art. II.

16. According to the CBA, " [c]ommencing with the effective dates of this Agreement [October 1, 2019], the Employer agrees to pay to and on behalf of his/her Journeymen the rates set forth in Table No. 1. The Employer also agrees to pay to and on behalf of the Helpers the rates set forth in Table No. 2." Ex. 2, Art. III. The Tables referenced explicitly include hourly wages *and hourly fringes* as a compensation package.

17. The CBA further states, "[t]he Employer agrees, in addition to wages, to pay on behalf of each Journeyman and Helper the fringe benefits set forth in Tables 1 and 2." *Id.*, Art. IV.

18. Covered Work defined under the terms of the CBA includes but is not limited to "Any repair and/or replacement of the present plumbing system at commercial sites and/or residential buildings." *See id.*, Art. II, Rule 7(B).

19. Contributions are calculated by taking the number of hours of Covered Work performed during the reporting period and multiplying said hours by the applicable rates set forth in the CBAs. Ex. 2, Arts. III-IV.

20. The CBAs and the Collection Policies require SIPS to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with its contribution obligations to Plaintiffs. Ex. 2, Art. XIV; Ex. 6, Art. IV; Ex. 7, Art. V. The CBAs specifically state, "[SIPS] agrees to keep its labor payrolls and job and time books and comprehensive books available for joint inspection by representatives of the Union and the Association, and the accountant of the Joint Plumbing Industry Board, who shall be permitted to examine same to. . . check the Fringe Benefits. . . ." Ex 2, Art. XIV.

21. The Collection Policies also state, "The Funds shall conduct a dual audit policy comprised of a random selection process as well as a targeted system." Ex. 6, Art. IV, ¶ 1; Ex. 7, Art. V, ¶ 1. The Collection Policies state further that, "The Board and the Collections Committee, or its designees, shall have discretion in determining how many employers shall be randomly audited and which employers will be targeted for audit in each year." *Id.*

22. Under the documents and instruments governing the Local 1 Funds, including the CBAs, Trust Agreements, and Local 1 Collection Policies, employers whose contributions are delinquent are liable to the Local 1 Funds for the amount of delinquent contributions, interest thereon at the rate of ten percent (10%) *per annum,* plus liquidated damages equal to twenty percent (20%) of the delinquent contributions, and attorneys' fees and costs. *See* Ex. 2, Art. VI; Exs. 3-5, Art. VI, Sec. 6; Ex. 6, Art. 2, ¶ 6; Ex. 7, Art. III.B.2.

**Defendants' Delinquency to the Local 1 Funds**

***Delinquent Contributions***

23. As further set out in the Declaration of Benedetta Brusseau ("Brusseau Decl."), on or about July 21, 2022, the Funds engaged their independent auditors, accounting firm Schultheis & Panettieri LLP ("S&P") to conduct a target payroll audit of SIPS for the time period September 1, 2020 through June 30, 2022 (the "Audit"). *See* Brusseau Decl. ¶ 3.

24. Based on the Auditor's analysis and comparison of the hours that Defendant's employees performed Covered Work during the period of September 1, 2020 through June 30, 2022, the amount of hours of Covered Work that Defendant reported to Plaintiffs during that period, and the amount of contributions that Defendant remitted to Plaintiff during that period, Defendant owed a total delinquency to Plaintiffs of at least $46,465.17 in contributions, interest and liquidated damages thereon; ASB-C findings of $3,415.69, and lost earnings of $232.61,

interest and liquidated damages thereon; and audit costs of $3,635.50, plus the Plaintiffs' attorneys' fees and costs. *See* Brusseau Decl., ¶¶ 5-7; *id.*, Ex. 1.

25. Subsequently, due to the Fund Office's receipt of a bond cancellation notice from SIPS' bond holder ASIC, at the January 18, 2024 Collection Committee meeting, the Trustees directed S&P to change the target audit to a closeout audit and extend the audit period through December 31, 2023.

26. As further detailed in the Declaration of Rebecca W. Richardson, SIPS failed to comply with the expanded audit and eventually stipulated with the Funds to comply with an Expanded Audit through December 31, 2022. *See* Richardson Decl. at ¶ 16.

27. S&P reviewed various books and records of SIPS for work performed during the period September 1, 2020 through December 31, 2022 and determined that SIPS failed to remit fringe benefit contributions to the Local 1 Funds in the principal amount of $74,514.77. *See* Brusseau Decl. at ¶¶ 16-18; Ex. 2.

28. Based on the Auditor's analysis and comparison of the hours that SIPS's employees performed Covered Work during the period of September 1, 2020 through December 31, 2022, the amount of hours of Covered Work that SIPS reported to the Local 1 Funds during that period, and the amount of contributions that SIPS remitted to the Local 1 Funds during that period, SIPS owes a total delinquency to the Local 1 Funds of at least $136,746.57, consisting of: the principal deficiency of $74,514.77, interest thereon of $33,226.89 (which accounts for payments made to date and has been updated through the date of service of the Plaintiffs' Motion for Summary Judgment), liquidated damages of $14,902.95; ASB-C findings of $6,386.31, and lost earnings of $938.53, interest thereon of $2,351.78, liquidated damages of $1,464.97; and audit costs of $8,154.45 Brusseau Decl., ¶¶ 16-18; *id.*, Ex. 2.

29. The Auditor noted that in discussions with SIPS, the employer contact stated that no benefits were reported for certain employees due to purported issues SIPS was having with the Funds' remittance system. *See* Brusseau Decl. ¶ 16. The Fund was never made aware of any issues with its remittance system during the Audit Period, either by SIPS or any other contributing employer, and only has a record of a failed login attempt by SIPS due to an incorrect password that was addressed the same day any time it occurred. The Funds received remittance reports without issue from other contributing employers and from SIPS throughout the Audit Period.

30. The Auditor created a report summarizing its findings of the 2020-2022 Expanded Audit ("Expanded Audit Report"). Brusseau Decl. ¶ 22; *id.*, Ex. 2.

31. On September 12, 2025, the Funds' Auditor sent SIPS the Audit Report with a cover letter instructing SIPS to pay the entire amount within 10 days. *See* Brusseau Decl. ¶ 23; *id.,* Exs. 2, 13.

32. SIPS made no payment towards the Audit within 10 days of receiving the Audit Report.

33. On February 2, 2026, pursuant to the March 25, 2025 stipulation between the Parties, SIPS paid the undisputed amounts in the amount of $12,727.60. *See also* Richardson Decl. ¶ 17.

34. In April of 2026, the Auditors received additional documentation from Fund Counsel that was provided by SIPS' counsel that detailed the time activities of SIPS further. The Auditors reviewed this time detail to determine whether any findings could be removed from the Expanded Audit as findings that were attributable to hours of work performed outside the state of New York and therefore outside the geographical jurisdiction of Covered Work under the applicable CBA. *See* Brusseau Decl. ¶ 26.

35. Pursuant to this review, the Auditors identified $27,199.49 of findings and related costs that could be removed from the Expanded Audit. *See* Brusseau Decl. ¶ 27. A detailing of the amounts owed, including the amounts removed is included in the Summary of Damages attached hereto as **Exhibit 12**.

36. Therefore, the remaining amounts due to the Local 1 Funds pursuant to the Audit less amounts reduced and recovered are $158,553.96 consisting of: $69,017.32 in contributions owed to the Funds, interest owed on the total contribution amounts owed to the Funds calculated through October 12, 2026 totaling $30,776.79, liquidated damages owed on Fund contributions totaling $13,803.46; delinquent contributions owed to the Union totaling $5,497.45, liquidated damages owed to the Union totaling $1,099.49, and interest owed to the Union totaling $2,450.10; ASB-C findings of $6,386.31, and lost earnings of $938.53, interest thereon of $2,351.78, and liquidated damages of $1,464.97; administrative fees of $2,000 and audit costs of $11,382.35; less the $12,727.60 already recovered and the $27,199.49 in findings removed from the Expanded Audit as being contributions, ASB-C findings, and associated interest and liquidated damages attributable to hours of work performed outside the geographical jurisdiction of Local Union No. 1. *See* Ex. 12. SIPS also owes the Local 1 Funds attorneys' fees as detailed in the Declaration in Support of Rebecca W. Richardson.

***The ASIC Bond***

37. On or about July 1, 2020, Atlantic Specialty Insurance Company ("ASIC") issued Bond No. 810002719 (the "Bond") guaranteeing the payment of all benefits owed in connection with all Covered Work performed by SIPS' employees to the Funds up to the amount of $7,000. A copy of that Bond is attached hereto as **Exhibit 8**.

38. In or around February 18, 2021, ASIC issued a rider to be attached to the Bond (the "Rider") which increased the amount of the Bond to $21,000. The Rider was received by the funds on or about March 5, 2021. A copy of the Rider is attached hereto as **Exhibit 9**.

39. The terms of the Bond stated that the Bond was to remain valid unless and until ASIC notified the Funds of the cancelation of the Bond via certified mail with ninety (90) days' notice. *See* Ex. 8.

40. On or about January 2024, the Funds received a notice of cancelation from ASIC via first class mail which stated that the Bond would be canceled on April 8, 2024. A copy of this notice of cancelation is attached hereto as **Exhibit 10**.

***Interest, Liquidated Damages, Administrative Fees, and Professional Fees***

41. When an employer fails to pay contributions when due, the CBAs, Trust Agreements, and Local 1 Fund Collection Policies impose interest at the rate of ten percent (10%) per annum (compounded annually), plus liquidated damages of twenty percent (20%) of the amount owing, plus all reasonable audit and accounting expenses, attorneys' fees, disbursements, and court costs. *See* Ex. 2, Art. VI; Exs. 3-5, Art. VI, Sec. 6; Ex. 6(a), ¶ 6; Ex. 7(a), Art. III.B.2. Interest is calculated from the due date to the date of payment. *See* Exs. 3-5, Art. VI. Further, the Funds are entitled to an assessment of an administrative fee of $100 for every instance in which an employer fails to submit contributions. *See* Ex. 6, Art. II ¶ 6.

42. Accordingly, calculated through October 12, 2026, SIPS is liable to the Local 1 Funds for interest on the delinquent contributions (absent the ASB-C findings) for the period September 1, 2020 through December 31, 2022, at the rate of ten percent (10%) per annum (compounded annually) for a total of $33,226.89 and liquidated damages calculated as twenty

percent (20%) of the principal delinquency for liquidated damages totaling $14,902.95. Attached hereto as **Exhibit 12** is a Summary of Damages which contains detailed damages calculations.

43. Specifically, interest is calculated by multiplying the contributions due per month by the annual interest rate of ten percent (10%) as provided for in the CBA and Local 1 Fund Collection Policies and then dividing that figure by 365 to yield the daily interest rate. For example, for December 2021, the estimated contributions to the Local 1 Funds of $2,065.46 are multiplied by ten percent (10%) interest rate to yield a total yearly interest of $206.55. That figure is then divided by 365 to render the daily interest rate of $0.57. The daily interest rate is then multiplied by the number of days the contributions are late or have been paid late. Here, December 2021 contributions were due on January 20, 2022. Since December 2021 contributions remain outstanding, interest is calculated through the present date, October 12, 2026; therefore, December 2021 contributions are 1,726 days late. The daily interest of $0.57 multiplied by 1,726 days renders interest of $983.82 on December 2021 contributions. This calculation was conducted for each and every month that contributions were owed from September 1, 2020 through December 31, 2022 for the Local 1 Funds and the Union Assessments the Local 1 Funds act as collections agent for. As detailed above, the Local 1 Funds have recovered $12,727.60 in contributions to date. When amounts were received, they were applied to the oldest principal delinquent contributions and interest was calculated through the date payment was received for those contributions. Therefore, the amounts received from SIPS, as detailed in paragraph 33 above, were applied to the contributions for September 2020 through a portion of December 2020 and as the amounts were received by the Funds on February 2, 2026, interest on those contributions was calculated through that date. The interest was calculated through the date of service of the Plaintiffs' Motion for

Summary Judgment for any contributions that remain outstanding, including the remaining amounts owed for December 2020 contributions.

44. As set forth in the CBA, the Collection Policies, and in Section 502(g)(2) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred in collecting any unpaid contributions from a delinquent employer. *See* Ex. 2, Art. VI; Exs. 3-5, Art. VI, Sec. 6; Ex. 7(a), ¶ 6; Ex. 8(a), Art. III.B.2.

45. Therefore, SIPS owes the Local 1 Funds the sum of at least $158,553.96, consisting of:

a. Remaining contributions owed to the Funds totaling $69,017.32 for the period September 1, 2020 through December 31, 2022;

b. Interest on the total Fund contribution delinquency at the rate of ten percent (10%) per annum for interest totaling $30,776.79;

c. Liquidated damages of twenty percent (20%) of the total Fund contribution delinquency for liquidated damages totaling $13,803.46;

d. Delinquent contributions to the Union owed between September 1, 2020 through December 31, 2022 totaling $5,497.45

e. Interest on the total Union contribution delinquency at the rate of 10% per annum for interest totaling $2,450.10;

f. Liquidated damages of twenty percent (20%) of the total Union delinquency for liquidated damages totaling $1,099.49;

g. ASB-C delinquencies of $6,386.31;

h. Lost earnings of $938.53;

i. Interest on the ASB-C findings and lost earnings of $2,351.78 and liquidated damages on same of $1,464.97;

j. Audit costs of $11,382.35;

k. Attorneys' fees and costs as detailed in the Declaration of Rebecca W. Richardson;

l. Administrative Fees of $2,000;

m. Less $12,727.60 in amounts already received, and $27,199.49 in contributions and associated interest and liquidated damages removed from the audit findings due to being assessed on work later shown to be performed outside of the geographical jurisdiction of the Union;

n. Additional interest on the delinquent contributions at the rate of ten percent (10%) per annum from October 12, 2026, through the date of judgment;

o. Post-judgment interest at the statutory rate; and

p. Any other relief the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 8, 2026

Wendy Salvatierra