UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, TRADE EDUCATION FUND, AND 401(K) SAVINGS PLAN,<br><br>Plaintiffs,<br><br>-against-<br><br>SPRAY IN PLACE SOLUTIONS, LLC and ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendants. | 24 CV 2568 (KAM)(PK)<br><br>**DECLARATION OF BENEDETTA BRUSSEAU IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Benedetta Brusseau declares,

1. I am a Manager for Schultheis & Panettieri, LLP ("S&P").

2. I am making this declaration in support of the Trustees of the Plumbers Local Union No. 1 Welfare Fund, Trade Education Fund, and 401(k) Saving Plan (collectively, the "Local 1 Funds")' motion for summary judgment against Defendant Spray in Place Solutions, LLC ("SIPS" or the "Company").

3. S&P was engaged to conduct a payroll audit of the Company pursuant to agreed-upon procedures between the Funds and S&P to assist the Funds with determining whether employer contributions were remitted by SIPS on behalf of the Funds' participants in accordance with collective bargaining or other written agreement(s) covering the period September 1, 2020 through June 30, 2022 (the "Initial Audit"). At a meeting of the Collections Committee, comprised of Trustees of the Funds with authority to direct actions in collections, on or about July 21, 2022, the Trustees directed S&P to conduct a targeted audit from September 1, 2020 through June 30, 2022.

4. Subsequently, at the January 8, 2024 Collection Committee meeting, the Trustees directed S&P to change the target audit to a closeout audit and extend the audit period through December 31, 2023. As further detailed in the Declaration of Rebecca W. Richardson, SIPS failed to comply with the expanded audit and eventually stipulated with the Funds to comply with an Expanded Audit through December 31, 2022. *See* Richardson Decl. at ¶ 16 (the "Expanded Audit").

5. The Initial Audit revealed that the Company failed to remit contributions in the principal amount of $46,465.17 to the Local 1 Funds. A copy of the Initial Audit preliminary report is annexed hereto as **Exhibit 1**.

6. The Initial Audit also revealed that the Company failed to remit ASB-C deferrals of $3,415.69 and lost earnings of $232.61. *See* Ex. 1.

7. The Funds incurred $3,635.50 in audit costs in conducting the Initial Audit. *See* Ex. 1.

8. The Expanded Audit revealed that the Company failed to remit contributions in the principal amount of $74,514.77 to the Local 1 Funds for the period September 1, 2020 through December 31, 2022. A copy of the Expanded Audit final report is annexed hereto as **Exhibit 2.**

9. The Expanded Audit also revealed that the Company failed to remit ASB-C deferrals of $6,386.31 and lost earnings of $938.53 to the Local 1 Funds. *See* Ex. 2.

10. The Local 1 Funds incurred audit costs of $8,154.45 (including those incurred in conducting the Initial Audit). *See* Ex. 2. To date, the Funds have incurred audit costs of $11,208.60.

**<u>Audit Report Findings</u>**

11. In conducting the Audit, the Auditors reviewed SIPS's payroll records, 401(k) election forms and deduction reports, cash disbursements and general ledgers, quarterly tax returns, and a download from the Funds' remittance system detailing all remittances over the audit period to determine the total number of hours paid to and worked by employees of SIPS during the collective period September 1, 2020 through December 31, 2022.

12. Based on the records submitted by SIPS for the Initial Audit, the Auditors determined that SIPS failed to remit contributions for a total of 1,157.50 regular hours and 80.75 overtime hours. *See* Ex. 1.

13. On May 16, 2023, the Auditors sent out the preliminary report of the Initial Audit. This correspondence is attached hereto as **Exhibits 3 and 4**.

14. As detailed in the declaration of Wendy Salvatierra, due to the Fund Office's receipt of a bond cancellation notice from SIPS' bond holder ASIC, the Collections Committee, at a meeting held on January 18, 2024, directed S&P to expand the Initial Audit period from September 1, 2020 through June 30, 2022 to September 1, 2020 through December 31, 2023 (the "Expanded Audit"). *See* Declaration in Support of Wendy Salvatierra ("Salvatierra Decl.") at ¶ 25.

15. As detailed in the declaration of Rebecca Richardson, SIPS failed to comply with the Expanded Audit. Pursuant to the stipulation of the Parties in the litigation seeking, in part, compliance with the Expanded Audit, the Auditors received the necessary documentation to conduct the Expanded Audit covering the time period through December 31, 2022 on or about August 4, 2025. *See* Richardson Decl. at ¶¶ 14-17.

16. Based on the records submitted by SIPS for the Expanded Audit, the Auditors determined that SIPS failed to remit contributions for a total of 1,826.75 regular hours and 161.50

overtime hours. *See* Ex. 2. SIPS's payroll records, general ledgers, quarterly tax returns, and remittance reports are attached hereto as **Exhibits 5-8**. There were only 145 hours of benefits reported during the audit period for one member: Chad McGregor. During review of the payroll, the Funds' Auditors added Jay Martino. He is listed in the Funds' internal record system—which includes self-reporting from SIPS—as a Local 1 member. In discussions with SIPS, the employer contact stated that no benefits were reported for him due to purported issues SIPS was having with the Funds' remittance system. SIPS did not dispute that this employee was a plumber performing Covered Work under the CBA.

17. The hours identifiable in the payroll as Local 1 plumbing work totaled 245.25 reg hours and 28.50 OT hours. The remainder of the hours worked (1,441.5 reg hours and 118 OT hours) were listed as shop hours, on-site hours and prevailing wage NYC hours. The employer contact stated that when not doing plumbing work, Jay Martino would be cleaning the shop, working on trucks and loading and unloading trucks. Despite numerous requests, no supporting business records or other sufficient documentation detailing the shop work and why that work required a plumber wage rate was provided for these hours; therefore, these shop, on-site and prevailing wage hours were included in the audit as the wages were paid at the rate required by the CBA and pursuant to the CBA's terms, fringe benefits were due with those wages as part of the compensation package provided for in the CBA.

18. After multiplying these hours by the applicable rates in the Collective Bargaining Agreements SIPS is bound to, the Auditors determined that SIPS failed to remit contributions to the Funds in the total principal amount of $74,514.77 for the period September 1, 2020 through December 31, 2022.

19. On August 12, 2025, after conducting the exit interview, S&P sent the draft findings to SIPS. A copy of the cover email transmitting the draft findings and the draft findings are attached hereto as **Exhibits 9, 10**.

20. Receiving no exceptions to the draft findings, on August 27, 2025, S&P sent SIPS a preliminary audit report, providing 10 days from the date of the preliminary audit report to object in writing to the Auditor's findings. A copy of this transmittal is attached hereto as **Exhibits 11, 12**.

21. S&P received no written objections to the Auditor's findings.

22. S&P created a final report summarizing its findings of the Expanded Audit ("Expanded Audit Report"). *See* Exhibit 2.

23. On September 12, 2025, S&P issued the final audit report to SIPS. A copy of this transmission is attached hereto as **Exhibit 13**.

24. Pursuant to the Collection Policies that govern the Funds, the cover letter transmitting the revised final Audit Report described in the preceding paragraph instructed SIPS to pay the entire amount within 10 days of the date of the letter. *Id.*

25. As detailed further in the Declarations of Wendy Salvatierra, no payment was made towards the audit within 10 days of the date of the letter. *See* Salvatierra Decl. ¶ 32.

26. In April of 2026, the Auditors received additional documentation from Fund Counsel that was provided by SIPS' counsel that detailed the time activities of SIPS further. The Auditors reviewed this time detail to determine whether any findings could be removed from the Expanded Audit as findings that were attributable to hours of work performed outside the state of

New York and therefore outside the geographical jurisdiction of Covered Work under the applicable CBA.

27. Pursuant to this review, the Auditors identified $27,199.49 of findings and related costs that could be removed from the Expanded Audit, as follows:

a) the Contributions could be reduced by $14,328.70;

b) the Interest on Contributions could be reduced by $5,200.65;

c) the Liquidated Damages calculated on Contributions could be reduced by $2,624.58;

d) the ASB-C findings could be reduced by $3,322.07;

e) the Interest on the ASB-C findings could be reduced by $1,059.07; and

f) the Liquidated Damages calculated on the ASB-C findings could be reduced by $664.42.

Therefore, SIPS owes the Local 1 Funds a total of $112,774.98[1] pursuant to the Audit as follows: i) $60,186.07 in contributions; ii) interest of $24,162.06 (not updated through the date of this declaration); iii) liquidated damages of $10,948.47 (not updated through the date of this declaration); iv) ASB-C findings of $3,064.24; v) lost earnings of $938.53; vi) interest on the ASB-C findings and lost earnings of $1,292.71; vii) liquidated damages on the ASB-C findings and lost earnings of $800.55; and total audit costs to date of $11,382.35.

Executed on October 08, 2026

Benedetta Brusseau

[1] These amounts are solely pursuant to the Expanded Audit, reduced by the findings that are attributable to hours worked outside the geographical jurisdiction of the Local Union No. 1. Please see the Declarations in Support of Wendy Salvatierra and Rebecca W. Richardson for costs to date.