UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, TRADE EDUCATION FUND, AND 401(K) SAVINGS PLAN,<br><br>Plaintiffs,<br><br>-against-<br><br>SPRAY IN PLACE SOLUTIONS, LLC and ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendants. | 24 CV 2568 (KAM)(PK)<br><br>**DECLARATION OF REBECCA W. RICHARDSON IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Rebecca W. Richardson, Esq. declares:

1. I am admitted to the Bar of this Court and am a partner with the law firm of O'Donoghue & O'Donoghue LLP, attorneys for Plaintiffs in this action.

2. I submit this declaration in support of Plaintiffs' Motion for Summary Judgment against Defendant Spray in Place Solutions, LLC ("SIPS") pursuant to Fed. R. Civ. P. 56.

3. Plaintiffs Trustees of the Plumbers Local Union No. 1 Welfare Fund, Trade Education Fund, and 401(k) Savings Plan (collectively, the "Local 1 Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with section 302(c) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 186(c) and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Trustees are fiduciaries of the Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. Plaintiff Plumbers Local Union No. 1 Welfare Fund is the designated Collection Agent for Local Union No. 1 of the United Association of Journeymen and Apprentices of the

Plumbing and Pipefitting Industry of the United States and Canada (the "Union") and the Plumbing Industry Promotion Fund of New York City. The Union is, and at all relevant times was, a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. The Union represents, and at all relevant times represented, employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

5. Defendant Spray in Place Solutions, LLC ("SIPS") is a foreign limited liability company organized under the laws of the State of Florida and duly authorized to conduct business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 602(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. SIPS maintains its principal place of business at 45 Knickerbocker Ave., Suite 1, Bohemia, NY 11716.

6. The New York Department of State Division of Corporations lists "THE LLC" with an address of 45 Knickerbocker Ave., Suite 1, Bohemia, NY 11716, as the post office address to which the Secretary of State shall mail a copy of any process against SIPS served upon the Secretary of State by personal delivery. *See* a copy of the New York Department of State Division of Corporation listing attached hereto as **Exhibit 1**.

7. Upon information and belief, Jeffrey Sausele is the president of SIPS and resides at 554 Boxwood Drive, Shirley, New York 11967.

8. Upon information and belief, SIPS performs "trenchless pipe restoration" using "spray-in-place pipe (SIPP)" technology to "rehabilitate" "like new pipe with an added 75 year engineered life expectancy" and has spent "30 years in the plumbing industry." A true and correct

copy of the Defendant SIPS' public-facing website promoting the same is attached hereto as **Exhibit 2**.

9. Defendant Atlantic Specialty Insurance Company ("ASIC," together with SIPS, the "Defendants") is a corporation incorporated under the laws of the State of New York and authorized to do business within the insurance industry in the State of New York. ASIC has its principal place of business located at One State Street Plaza, Fl 31, New York, NY 10004.

10. Subject matter jurisdiction of this action is based upon Section 301 of the Labor Management Relations Act ("LMRA") of 1947, as amended, 29 U.S.C. § 185, and Sections 502(a)(3), 502(g)(2), and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(g)(2), and 1145. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185.

**Procedural History**

11. Plaintiffs Trustees of the Plumbers Local Union No. 1 Welfare Fund, Trade Education Fund, and 401(k) Savings Plan, Trustees of the United Association National Pension Fund and International Training Fund (collectively, the "Funds") commenced this action on April 5, 2024, seeking to recover benefit contributions owed to the Plaintiffs as revealed to be due and owing by an audit of the Defendant covering the period September 1, 2020 through June 30, 2022 and to seek SIPS' compliance with and to pursue any unknown amounts identified in an expanded audit through December 2023. (ECF No. 1.).

12. On or about April 8, 2024, a process server served SIPS with the Summons and the Complaint. (ECF No. 6.)

13. On or about April 12, 2024, a process server served ASIC with the Summons and the Complaint. (ECF No. 8).

14. Starting in September 2024, the Parties—Plaintiffs through former collections counsel— negotiated to obtain a stipulation governing the production of documents, including documents related to the Expanded Audit.

15. After extensive negotiations, on March 25, 2025, Plaintiffs and SIPS signed a stipulation for the Production of Audit Documents, under which SIPS was obligated to produce all outstanding documents, submit to the Expanded audit from July 1, 2022 through December 31, 2022, and pay any undisputed amounts owed.

16. On April 2, 2025, the Parties filed a Stipulation for the Production of Audit Documents for the Defendant SIPS to comply with the Expanded Audit for the period September 1, 2020 through December 31, 2022. A copy of the stipulation is attached hereto as **Exhibit 3**.

17. From that date through February 2, 2026, the Plaintiffs worked tirelessly to obtain Defendants' compliance with the fully executed agreed-upon stipulation. The final requirement of the parties' Stipulation for the Production of Audit Documents was met, in that payment of the undisputed amounts owed to Plaintiffs was made and confirmed received by the Plaintiffs, on February 2, 2026.

18. Discovery in this case has been extensive and nearly every step of the case has been delayed or drawn out unnecessarily by the Defendants and/or their counsel.

19. Throughout the litigation, counsel for SIPS has been dilatory in responding to the Plaintiffs and to the Court, in at least one instance forcing the Court to issue a show cause Order. Plaintiffs' counsel has been forced to follow up countless times and seek Court intervention on

multiple occasions due to violated court orders or a failure to obtain Defendants' response or consent to some of the most basic filings in this case. This behavior created unnecessary disputes and further motions practice that was unwarranted in this case, especially considering the proportional needs of the case.

20. As shown on the docket, Plaintiffs incurred unnecessary legal fees in this case that nevertheless are reasonable given the extent of motion practice and discovery Plaintiffs were required to participate in to obtain Defendants' compliance and participation throughout this litigation.

21. On July 28, 2026, the court issued a final scheduling order for the Parties' respective motions for summary judgment. The Court Order stated that any Party seeking to make a dispositive motion shall initiate that process, consistent with Judge Matsumoto's Individual Rules, by October 12, 2026. (ECF Text Order dated July 28, 2026.)

**Billing Rates and Time Records of Current Counsel**

22. Copies of the contemporaneous time records produced by the firm that currently represents the Plaintiffs in this Action, O'Donoghue & O'Donoghue, LLP, reflecting all time spent and all activities performed in the litigation of this action are attached hereto as **Exhibit 4**.

23. I, Rebecca W. Richardson, am a partner with O'Donoghue & O'Donoghue LLP, and counsel of record for Plaintiffs in this case. I am a 2010 graduate of Georgetown University Law Center and have practiced exclusively in the field of labor and employee benefits law since joining O'Donoghue & O'Donoghue LLP in 2012. I am over the age of 18 and competent to testify to the facts contained in this Declaration. O'Donoghue & O'Donoghue LLP billed my time at a

rate of $450 per hour for 2025 and $500 per hour for 2026 to the Local 1 Funds for work performed in connection with this matter. *See id*.

24. Diana R. Cohn is a partner with O'Donoghue & O'Donoghue LLP, and counsel of record for Plaintiffs in this case. Ms. Cohn is a 2013 graduate of Georgetown University Law Center and has practiced exclusively in the field of labor and employee benefits law since joining O'Donoghue & O'Donoghue LLP in 2013. O'Donoghue & O'Donoghue LLP billed Ms. Cohn's time at a rate of $450 per hour in 2025 and $500 per hour in 2026 to the Local 1 Funds for work performed in connection with this matter. *See id*.

25. Hannah L. Uricchio is an associate with O'Donoghue & O'Donoghue LLP and completed legal work in this case. Ms. Uricchio is a 2016 graduate with honors of American University Washington College of Law and joined O'Donoghue & O'Donoghue LLP in 2025. Prior to joining O'Donoghue & O'Donoghue LLP, Ms. Uricchio served as an attorney and Assistant General Counsel at the Pension Benefit Guaranty Corporation ("PBGC"). Her prior practice included representing the agency in federal district, bankruptcy, and appellate courts across the country in litigation relating to the agency's statutory functions and duties under Title IV of ERISA, and providing counsel on plan coverage, plan compliance, and the agency's pre-termination and post-plan termination activities. O'Donoghue & O'Donoghue LLP billed Ms. Uricchio's time at a rate of $340 per hour to the Local 1 Funds for work performed in connection with this matter.

26. Jorge Salles Diaz is an associate with O'Donoghue & O'Donoghue LLP and completed legal work in this case. Mr. Salles Diaz is a 2024 graduate of Vanderbilt University Law School and has practiced exclusively in the field of labor and employee benefits law since joining O'Donoghue & O'Donoghue LLP in 2024. O'Donoghue & O'Donoghue LLP billed Mr. Salles

Diaz's time at a rate of $340 per hour to the Local 1 Funds for work performed in connection with this matter. Grace Austin is an associate with O'Donoghue & O'Donoghue LLP and completed legal work in this case.

27. All of the above-referenced rates are the result of negotiations between O'Donoghue & O'Donoghue LLP and the Funds regarding the proper hourly rates to compensate O'Donoghue & O'Donoghue LLP's attorneys for their services. O'Donoghue & O'Donoghue LLP's total billings in this matter amount to $51,312.50, reflecting 137.25 hours of work. *See id.*[1]

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 10, 2026

Rebecca W. Richardson, Esq.

[1] Attorney fees are calculated as of October 7, 2026. Therefore, attorney fees are expected to increase and will be updated accordingly.