UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, TRADE EDUCATION FUND, AND 401(K) SAVINGS PLAN,

Plaintiffs,

-against-

SPRAY IN PLACE SOLUTIONS, LLC and ATLANTIC SPECIALTY INSURANCE COMPANY,

Defendants.

----------------------------------------------------------------------X

Case No.: 1:24-cv-2568 (KAM) (PK)

**<u>STIPULATION FOR THE PRODUCTION OF AUDIT DOCUMENTS</u>**

**IT IS HEREBY STIPULATED AND AGREED** by and between: (a) the Trustees of the Plumbers Local Union No. 1 Welfare Fund, Trade Education Fund, and 401(k) Savings Plan (the "Funds" or "Plaintiffs") and (b) Spray in Place Solutions, LLC (the "Employer" or "Defendant"); that:

**WHEREAS,** at all relevant times herein, the Funds contend that the Employer was a party to or otherwise bound by a collective bargaining agreement (the "CBA") with the Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union");

**WHEREAS,** the CBA requires an employer bound to it to remit contributions to the Funds when an employer performs work within the scope and jurisdiction of the Union ("Covered Work") and to submit to an audit when requested by the Funds;

**WHEREAS,** the Funds completed an audit of the Employer covering the period of September 1, 2020 through June 30, 2022;

**WHEREAS,** on June 16, 2022, the Employer timely issued a termination notice of the CBA, effective December 31, 2022;

**WHEREAS**, the Funds thereafter sought to expand the audit through December 31, 2023;

**WHEREAS**, the Employer avers that it is not required to submit to the expanded audit as it is no longer a party to a CBA with the Union and because the CBA does not provide for any such "close-out" audit;

**WHEREAS**, the Funds disagree with the Employer's position;

**WHEREAS**, on April 5, 2024, the Funds filed an action against the Employer and Atlantic Specialty Insurance Company (the "Surety") (the "Lawsuit"), requesting relief;

**WHEREAS**, the Employer disputes all claims raised by the Funds in the Lawsuit;;

**WHEREAS**, the Funds and the Employer desire to compromise and amicably resolve their dispute solely to avoid the risk, expense, and delay that would be associated with further litigation;

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained in this Stipulation for the Production of Audit Documents (the "Stipulation"), the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. In consideration for executing and delivering this Stipulation, and in exchange for the promises and releases set forth herein, the Employer, within fifteen (15) days of the full execution of this Stipulation, will: (i) provide to the Funds, all outstanding remittance reports through December 31, 2022 in PDF format; (ii) pay any undisputed contributions thereon determined to be due; and (iii) submit to an audit for the period of July 1, 2022 through December 31, 2022.

2. The Employer's actions set forth in ¶ 1 above shall not result in invalidating the Employer's termination of the CBA, and none of the foregoing acts will result in creating, reinstating, or manifesting any intent to become a party to any collective bargaining agreement between the Employer and the Union.

3. Upon issuance of a final audit report, the parties will engage in good faith

negotiations to resolve any issues concerning same.

4. Defendants expressly deny any allegations of wrongdoing and make no admissions concerning the Funds' claims. This Stipulation shall not be admissible evidence in any judicial, administrative, or other legal proceedings for any reason except to enforce the terms of this Agreement. The parties enter into this Stipulation without waiver to any of their rights, claims, defenses, etc.

5. The Funds agree not to provide any documents or electronically stored information produced by the Defendants to the Union or any other third party (other than the Funds' independent auditors) absent compulsory legal process, of which the Funds agree to provide prompt notice of to the Defendants no later than five (5) business days upon receipt of same, except as to the auditors selected by the Funds to complete an audit. The Parties agree that no remittance reports will be uploaded to "ISSI" or "iRemit" until a settlement is reached or this case is otherwise closed.

6. This Stipulation and all of its provisions shall inure to the benefit of the Parties hereto and their respective successors, officers, directors, and fiduciaries.

7. This Stipulation supersedes all prior agreements and understandings between the Parties and constitutes the entire agreement of the Parties with respect to the subject matter hereof. No provision of this Stipulation shall be modified, amended, extended, discharged, terminated or waived except by a writing specifically referring to this Stipulation and signed by all of the Parties hereto.

8. Each individual signing this Stipulation on behalf of a party represents that he or she has full authority to bind that party to the terms of this Stipulation.

9. This Stipulation may be executed in several counterparts and/or by electronic or facsimile transmission.

IN WITNESS WHEREOF, the Funds and the Employer have caused this Stipulation to be executed by their duly authorized representatives on the dates indicated below.

**VIRGINIA & AMBINDER LLP**

By: ______________________
Adrianna Grancio, Esq.
*Attorneys for Plaintiffs*

**SAGE LEGAL LLC**

By: ______________________
Emanuel Kataev, Esq.
*Attorneys for Spray in Place Solutions, Inc.*

SPRAY IN PLACE SOLUTIONS LLC

By: ______________________
Name: Steven Rabin
Title: Member
Date: 3/25/25