**Sage Legal LLC**
**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

October 13, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Kiyo A. Matsumoto, U.S.D.J.
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Trustees of the Plumbers Local Union No. 1 Welfare Fund, et al. v. Spray In Place Solutions, LLC, et al., No. 1:24-cv-02568 (KAM) (PK)**

Dear Judge Matsumoto:

This office represents Defendants Spray In Place Solutions, LLC ("SIPS") and Atlantic Specialty Insurance Company ("ASIC"). Pursuant to Individual Rule III.B, Defendants respectfully request a pre-motion conference concerning their anticipated cross-motion for partial summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), or alternatively an Order under Rule 56(g), addressing Plaintiffs' October 12, 2026 request (ECF 66). Defendants respectfully seek a determination that all actual shop labor performed in Bohemia, Suffolk County, and all work performed outside New York City fall outside the MES agreement's covered-work provision, dismissal of contributions sought that are dependent on treating those hours as covered work, and the additional relief below.

**1. The written territorial limit controls.** Article I, § 1 of the applicable collective bargaining agreement ("CBA") states that the agreement "applies to Mechanical Equipment and Service Division work performed in the five (5) counties which comprise the City of New York." The bargaining-unit provision repeats that limit. Defendants' Rule 56.1 Statement of Facts ("SMF") ¶¶ 62-63. Plaintiffs themselves define covered work by the Union's trade and geographic jurisdiction. ECF 66-1 ("Plaintiff's SMF or P56") ¶ 18; Complaint ¶ 16. Bohemia is outside those five counties. Martino's sworn affidavit places his shop work there and identifies cleaning, truck work, and loading/unloading, with no plumbing performed at the warehouse. SMF ¶¶ 64–65.

The exclusion follows from location even if a shop task supports a New York City project or the worker is a union plumber paid a plumber's wage. The hourly contribution provisions must be read with Article I; neither an audit convention nor collection rules can silently erase its geographic limitation. See La Barbera v. J.D. Collyer Equipment Corp., 337 F.3d 132, 137-39 (2d Cir. 2003). Article II, Rule 7 provides a separate trade-scope ground for excluding Martino's described nonplumbing maintenance work. SMF ¶¶ 63-65.

**2. Plaintiffs' own evidence confirms geographic exclusions.** Plaintiffs' auditor acknowledges that out-of-state work lies outside the CBA's geographic coverage and identifies $27,199.49 in contributions and associated charges to remove, including $14,328.70 in contribution principal. P56 ¶¶ 50–51; SMF ¶¶ 67–68. The same five-county language excludes Bohemia; it does not stop operating at New York's state line.

The requested ruling concerns actual work at those locations. The shop-card requirement supplies no geographic expansion. Express travel/on-call compensation provisions must be applied according to their terms. Nor can the separate National Pension Fund participation appendix's "hours paid" language automatically govern Plaintiffs' Local 1 hourly assessments. If Plaintiffs rely on Article I, § 6, another agreement, or an independent wage-deduction obligation, they must identify that undertaking and establish its application to the particular charge. SMF ¶¶ 63, 69, 72–73.

**3. Classification and rates require proof.** The auditor grouped shop, on-site, and NYC prevailing-wage hours together and treated the wage rate as establishing coverage when supporting detail was considered insufficient. SMF ¶ 66. Martino's declaration contradicts the premise that all such hours were plumbing work in covered territory. The Welfare Trust's inadequate-records presumption (Art. VI, § 5) addresses proof, not territorial expansion. SMF ¶ 66. See Cement & Concrete Workers District Council Welfare Fund v. Superior Gunite, No. 22-cv-1014 (KAM) (TAM), ECF 49, at 7-10 (E.D.N.Y. July 25, 2024). At minimum, this evidence precludes blanket liability for every audited category.

The audit also applies "AJ" rates and doubles certain overtime fringe assessments; the MES agreement generally requires straight-time fringes, with specified time-and-one-half exceptions. The September 2020 Bronx equipment-installation agreement signed by SIPS expressly substitutes gross wages for Local 1 401(k) participation. SMF ¶¶ 69–71. Plaintiffs must establish the applicable agreement, classification, rate amendments, overtime multiplier, and any project exception, not infer them from membership or payroll labels. Summary judgment should exclude assessments inconsistent with the governing provisions.

Union, organizing, promotion, and PAC assessments require their own contractual basis; ERISA's mandatory remedies do not automatically attach to every non-ERISA charge. Required employee authorizations must be proved. D56 ¶¶ 71, 73, 76. Defendants do not seek to excuse remittance of money actually withheld or contend that post-suit payment alone extinguishes statutory remedies. Fees and audit expenses remain subject to proof of reasonableness and the applicable contractual conditions. The audit stipulation expressly preserves defenses and disclaims admissions; its terms should be enforced against any contrary use. D56 ¶¶ 77–78.

**4. Damages and ancillary claims must be reconciled.** Plaintiffs' $74,514.77 opening principal does not reflect their admitted $14,328.70 geographic principal reduction. Their damages exhibit already subtracts $12,727.60 paid and $27,199.49 excluded, and already includes $51,312.50 in attorneys' fees in its $158,553.96 total; P56 ¶ 52's statement that those fees are "also" owed cannot justify adding them again. SMF ¶¶ 68, 74–75. All remaining interest, liquidated damages, ASB-C charges/lost earnings, administrative charges, and audit costs must be supported and recalculated on properly covered sums, with payments credited once and interest stopped on paid principal. Any additional outstanding ledger charges require itemization and proof against duplication.

**5. The surety's liability is separately limited.** The bond fixes an aggregate penal limit of $7,000.00, increased by a rider effective February 18, 2021 to $21,000, with other terms unchanged. SMF ¶ 79.

Defendants seek enforcement of that aggregate ceiling, the applicable effective dates, and the undertaking's covered categories. ASIC cannot be subjected to SIPS's entire asserted ERISA liability merely because it issued the bond; any claimed recovery beyond the undertaking requires an independently established basis.

Defendants request a coordinated conference and, to the extent required under the July 28 scheduling order, leave to cross-move on the record Plaintiffs have now submitted. The October 1 order leaves discovery open and sets a December 7 settlement conference. SMF ¶ 80. If settlement fails, Defendants propose service of Plaintiffs' motion thirty (30) days after the later of that conference or completion of necessary discovery; opposition/cross-motion thirty (30) days later; reply/opposition twenty-one (21) days later; and cross-reply fourteen (14) days later.

Dated: Jamaica, New York
October 12, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*

cc: All counsel of record (via ECF)