O'DONOGHUE & O'DONOGHUE LLP
EST. 1935

5301 Wisconsin Avenue, NW
Suite 800
Washington, DC 20015
T: 202-362-0041
F: 202-362-2640
www.odonoghuelaw.com

October 14, 2026

**VIA ECF**
Hon. Kiyo A. Matsumoto, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: ***Trustees of the Plumbers Local Union No. 1 Welfare Fund, et al. v. Spray in Place Solutions, LLC, et al. 1:24-cv-2568 (KAM) (PK)***

Dear Judge Matsumoto:

This firm represents Plaintiffs in the above-referenced action. Pursuant to this Court's Individual Practice Rule III.B., Plaintiffs write in response to Defendants' purported request for a pre-motion conference and its purported Local Rule 56.1 Statement. Dkts. 67-68.

## I. Defendant's Letter is Procedurally Improper and any Summary Judgment Motion by Defendant Should be Disregarded.

Defendants have failed to initiate the process for seeking a dispositive motion by the deadline set by the Court. This Court's unmodified Order dated July 28, 2026 stated, "*[a]ny party* seeking to make a dispositive motion *shall initiate that process*, consistent with Judge Matsumoto's Individual Rules, *by October 12, 2026*." (emphasis added). The docket shows that the October 12, 2026 deadline to commence dispositive motion practice was never modified by the Court nor was modification ever requested by the Parties when they requested to extend other deadlines.

In order to initiate a dispositive motion, a party must file a pre-motion request for conference, which "*must be accompanied by* a statement pursuant to Local Civil Rule 56.1. . ." (Individual Practice Rules III.B(4)(a)) (emphasis added). Local Civil Rule 56.1(a) requires the 56.1 statement to be "a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion." "Any evidence cited in a party's 56.1 Statement, Counter Statement, or Reply Statement must be attached as an exhibit to a declaration and filed along with a party's 56.1 Statement." Individual Practice Rules III.B(4)(f).

Defendants did not file a 56.1 statement along with their pre-motion letter. Instead, Defendants filed a purported counterstatement pursuant to Local Rule 56.1(b). This document restates the facts contained in Plaintiffs' Local Rule 56.1 Statement, with a space for response but no response provided. Defendants' "Counterstatement" also adds additional facts alleged not to

be dispute; however, evidence cited in support of these facts are not attached at all, let alone as exhibits to a declaration filed along with the statement.

Defendants have failed to file a Local Rule 56.1 Statement which meets the requirements of the applicable rules. Accordingly, they have failed to initiate dispositive motions by the deadline clearly set by the Court. Plaintiffs therefore respectfully request that the Court disallow the facially deficient pre-motion request, deny Defendants leave to file a proper 56.1 statement with supporting evidence, and provide clarification on whether Plaintiffs are required to respond to this or any future complete counterstatements to Plaintiffs' 56.1 statement as the filing on October 12, 2026 is incomplete and procedurally improper.

## II. Defendants are Not Entitled to Summary Judgment Simply Because They State Certain Hours Represented in the Audit Are Not For Covered Work[1]

According to the CBA to which Defendant was bound, SIPS agreed to pay wages *and benefits* as a compensation package to each of its employees performing Covered Work. The CBA defines Covered Work to include "[a]ny repair and/or replacement of the present plumbing system at commercial sites and/or residential buildings." SIPS does not dispute that it performed Covered Work during the audit period. SIPS further does not dispute that "repair and/or replacement" could involve work performed in their shop located in Bohemia, New York. Rather, SIPS alleges as its sole evidence of work performed at the shop that an affidavit of a former employee—which was not attached to a declaration in support of its pre-motion request and was not provided along with a 56.1 statement setting forth these facts—conclusively determines that all hours categorized summarily as "shop hours" were not spent performing Covered Work. SIPS further refers to a September 2020 agreement that was not included with its pre-motion letter and was not provided in discovery. Defendants' assertions that it did not perform Covered Work in these "shop hours" is not supported by admissible evidence.

Plaintiffs performed the audit that forms the basis of this litigation using the documents provided by Defendants, pursuant to the Funds' policies and procedures for such audits. Plaintiffs have repeatedly asked Defendants for documentation to support their assertion that the employees were not performing Covered Work for shop hours. To date, no sufficient documentation has been provided, and there is currently no admissible evidence in the record to support Defendants' assertion in this regard. Instead, the admissible evidence establishes that the employees were paid plumbers wages for this shop work. Plaintiffs are not trying to erase the CBA's geographic litigations; Plaintiffs are simply requiring sufficient documentation to remove audit findings that are otherwise supported as hours covered employees performed Covered Work.

Even if there is a genuine dispute of material facts as to whether Defendants owe contributions on shop work hours, this constitutes only a portion of the contributions assessed and sought by Plaintiffs. Plaintiffs therefore intend to request summary judgment on liability and a formal inquest to resolve any dispute of material facts found as to the amount of damages owed.

## III. Plaintiffs have Established their Entitlement to Judgment for Contributions, Interest, Liquidated Damages, Attorneys' Fees and Cost

[1] To the extent the Court requires Plaintiffs to respond to the substance of Defendants' letter for a pre-motion conference, Plaintiffs provide the remaining responses.

Defendants do not contest that it owes contributions on non-shop hours included in the audit. In addition, Plaintiffs have established they are entitled to the amounts owed to the Union under Section 301 of the LMRA, 29 U.S.C. § 185(a). Accordingly, Plaintiffs are entitled to summary judgment finding Defendants liable for these amounts.

Plaintiffs are also entitled to interest, fees, and damages pursuant to Section 502 of ERISA, 29 U.S.C. § 1132 and Section 301(a) of the LMRA, 29 U.S.C. § 185. Section 502(g)(2) of ERISA provides that in any action under Section 502(g)(2) and 515 of ERISA in which a judgment in favor of the Funds is awarded, the court shall award the plan unpaid contributions, interest, damages in an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not to exceed 20 percent, reasonable attorneys' fees, and such other legal or equitable relief as the court deems appropriate. Section 301(a) of the LMRA authorizes the Court to enforce the obligations imposed by the CBAs. *See* 29 U.S.C. § 185(a)*; Trs. of the Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity, & Apprenticeship, Skill Improvement & Safety Funds v. Peduto Constr. Corp.*, 2020 WL 9814096 at *3 (E.D.N.Y. Feb. 27, 2020).

The CBA and Plaintiffs' Trust Agreements require the payment of interest at the rate of ten percent on all unpaid contributions, liquidated damages in the amount of twenty percent of the amount of delinquent contributions, reasonable attorneys' fees, and court costs. There is no dispute of material fact that these amounts are owed by Defendant to Plaintiffs. Defendants argue that certain amounts are duplicated but they misunderstand Plaintiffs' accounting of damages. Plaintiffs assessed interest and liquidated damages, as required by the governing documents, on the entire amount of the delinquent contributions owed as found by the Audit. The Plaintiffs applied payments received to date to the oldest contributions due and owing and interest stopped accruing on those contributions as of the date of payment. The remaining contributions owed accrued interest and liquidated damages through the date of the Plaintiffs' service of their Motion papers, even though interest will continue to accrue until payment is made. The total remaining amounts were reduced by the findings and associated costs that the Auditors determined could be removed. There are no amounts duplicated and no amounts not accounted for. Accordingly, Plaintiffs are entitled to summary judgment for these amounts.

**IV. Claims against the Bondholder are Within the Penal Sum of the Bond**

The Parties do not dispute that on or about July 1, 2020, ASIC issued Bond No. 810002719 (the "Bond") guaranteeing the payment of all benefits owed by SIPS to the Funds up to the amount of $7,000 and that said Bond was later increased on or about February 18, 2021 to the penal sum of $21,000. Plaintiffs are entitled to judgment as a matter of law against ASIC up to the bond amount.

**V. Conclusion**

The Plaintiffs respectfully request the Defendants' procedurally improper and incomplete pre-motion request be denied and that only the Plaintiffs' Motion for Summary Judgment be allowed. Plaintiffs also request it be permitted to follow the briefing schedule set forth in its pre-motion conference request.

Respectfully submitted,

/s/

Rebecca W. Richardson, Esq.