**Sage Legal LLC**

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

November 2, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Kiyo A. Matsumoto, U.S.D.J.
225 Cadman Plaza East
Courtroom 6B South
Brooklyn, NY 11201-1804

**Re: Funds, *et al.* v. Spray In Place Solutions, LLC, *et al.***
**Case No.: 1:24-cv-2568 (KAM) (PK)**

Dear Judge Matsumoto:

This office represents Defendants Spray In Place Solutions, LLC ("SIPS") and Atlantic Specialty Insurance Company ("ASIC") (collectively hereinafter the "Defendants") in the above-referenced case. This letter is respectfully submitted in opposition to Plaintiffs' October 12, 2026 letter motion for a pre-motion conference (ECF Docket Entry ("ECF") 66) pursuant to Section III.B.4.a of this Court's Chambers Practices (hereinafter the "Individual Rules"), with Defendants' Rule 56.1 Counterstatement ("CS").

As an initial matter, Plaintiffs' letter cites no paragraph of their Rule 56.1 Statement, as Individual Rules § III.B.4.h requires, and no case law. It seeks judgment "against all Defendants" without addressing ASIC's liability, and rests on a $74,514.77 principal deficiency that Plaintiffs now admit their auditor reduced to $60,186.07. See ECF 66-17 ¶ 27; ECF 70 ¶ 68.

## RELEVANT BACKGROUND

SIPS entered into the Union's Mechanical Equipment and Service Division agreement (the "MES Agreement") in November 2019 and terminated it effective December 31, 2022, as Plaintiffs' auditor recognized in extending the audit to that date "due to the abrogation," and as Plaintiffs' own declarant acknowledged in April 2023 ("Spray in Place is seeking abrogation from the CBA's with Local 1"). See ECF 66-1 ¶¶ 8, 12; CS ¶¶ 89, 102. The MES Agreement "applies to Mechanical Equipment and Service Division work performed in the five counties which comprise the City of New York." See ECF 70 ¶ 63. SIPS's shop is in Bohemia, Suffolk County. See ECF 66-1 ¶ 3.

## PLAINTIFFS SEEK CONTRIBUTIONS FOR UNCOVERED HOURS

Plaintiffs' claim is an attempt to get something for nothing: contributions on shop hours in Suffolk County and on-site hours outside New York State, all indisputably performed outside the City of New York, in direct contravention of the very agreement on which their inflated demand rests. Plaintiffs' auditor attests that only 245.25 regular hours and 28.50 overtime hours were "identifiable in the payroll as Local 1 plumbing work," and included the remaining 1,441.5 regular hours and 118 overtime hours, "listed as shop hours, on-site hours and prevailing wage NYC

hours," not upon any finding that Covered Work was performed in covered territory, but "as the wages were paid at the rate required by the CBA." See ECF 66-17 ¶ 17. In the shop, Jay J. Martino ("Martino") "would be cleaning the shop, working on trucks and loading and unloading trucks." Id.

SIPS told Plaintiffs' auditor exactly this on July 26, 2023, more than eight months before this case was filed, in written exceptions invoking the five (5) county limit and enclosing Martino's sworn affidavit that he performed no plumbing work at the Bohemia shop. See CS ¶ 64; Kataev Decl. ¶ 7, Ex. E. The auditor had already conceded that Martino's hours "are mostly to do with shop hours," and had charged them as plumbing work because "it could not be fully determined what Mr. Martino was doing with his hours." See CS ¶¶ 95, 98. Plaintiffs now finally admit that out-of-state work they previously sought contributions for falls "outside the geographical jurisdiction of the applicable CBA." See ECF 70 ¶ 67. The same five (5) county limit equally excludes Suffolk County, yet Plaintiffs still vexingly demand contributions on Martino's shop hours.

An employer's obligation runs only to contributions owed "in accordance with the terms and conditions of such plan or such agreement." See 29 U.S.C. § 1145. Trustees may not replace an agreement's hours-worked contribution terms with a rule under which "[t]he truth simply does not matter." See La Barbera v. J.D. Collyer Equip. Corp., 337 F.3d 132, 137-39 (2d Cir. 2003). Treating every hour paid at a plumber's rate as Covered Work does just that. Where an audit rests on an assumption about how the agreement applies, summary judgment on damages is inappropriate. See Reilly v. Reem Contracting Corp., 380 Fed. Appx. 16, 20 (2d Cir. 2010). Plaintiffs' attack on Martino as a former employee goes to credibility, a quintessential jury question. See Kaytor v. Electric Boat Corp., 609 F.3d 537, 545-46 (2d Cir. 2010). This case is unlike those in which audits were left unrebutted. See Cement & Concrete Workers Dist. Council Welfare Fund v. Manny P. Concrete Co., 145 F.4th 204 (2d Cir. 2025) (deemed admissions; "mere conclusory statements"); see also Cement & Concrete Workers Dist. Council Welfare Fund v. Superior Gunite, No. 22-CIV.-1014 (KAM) (TAM), ECF Docket Entry 49, at 18-19 (E.D.N.Y. July 25, 2024) ("vague assertions"). Here, the sworn affidavit is specific as to place and task and is corroborated by the auditor's own declaration, and Plaintiffs' fallback request for "a formal inquest" concedes that the amount owed is genuinely disputed. See ECF 66.

**SIPS WAS NOT DELINQUENT & PLAINTIFFS' ALLEGED DAMAGES ARE DISPUTED**

For years, SIPS told Plaintiffs in writing that it could not timely remit because of deficiencies in Plaintiffs' own remittance system: to the Funds' auditor on October 28, 2020, who acknowledged receipt; to the Welfare Fund on February 5, 2021, with payment; to the Joint Plumbing Industry Board and the Funds' counsel on October 5, 2021; and to the auditor again on January 3 and July 26, 2023. See CS ¶¶ 83-84, 92-94; Kataev Decl. ¶¶ 3-4, 7, 11-13, Exs. A-B, E, I-K; Sausele Decl. ¶ 3, Ex. A. The portal itself reported that SIPS's employees had not been "added to your Employee roster." See CS ¶¶ 81-82. The auditor conceded that the MES Agreement "most likely was the issue with paying benefits through the system" and that Martino had hours "he could not report due to the iremit system," and the Funds' counsel acknowledged "problems relating to ISSI access experienced by SIPS." See CS ¶¶ 94, 98, 101. Plaintiffs nonetheless assessed interest and liquidated damages on the very contributions SIPS later voluntarily paid by check of its own accord on February 5, 2021, invoicing them three days later. See CS ¶¶ 84-85.

Plaintiffs' contrary assertion (ECF 66-1 ¶ 41) is thus genuinely disputed.

Plaintiffs admit that their $158,553.96 total already includes $51,312.50 in attorneys' fees, and that they received SIPS's $12,727.60 payment on February 2, 2026. See ECF 70 ¶¶ 74-75. Plaintiffs blame Defendants for those fees (ECF 66-1 ¶¶ 58-60), but this case has been unnecessarily litigated because Plaintiffs refuse to accept that the hours claimed are not Covered Work and fall outside the geographic jurisdiction set forth in the MES Agreement. Interest at a rate other than the statutory rate requires that the rate be "stated in 'the [ERISA] plan'" and that the employer "have agreed to bind itself [] to the plan document." See 32BJ N. Pension Fund v. Nutrition Mgmt. Servs. Co., 935 F.3d 93, 99 (2d Cir. 2019). The Collection Policies on which Plaintiffs rely were adopted on June 24, 2021, after the audit period began. See ECF 66-1 ¶ 17. The audit also includes union assessment, organizing, promotion, and political action charges that require written authorization, none of which have been produced. See ECF 70 ¶¶ 71, 73. Finally, ASIC's aggregate liability cannot exceed the $21,000 penal sum of the bond, as Plaintiffs concede. See ECF 70 ¶ 79; ECF 69.

## PROPOSED BRIEFING SCHEDULE

Plaintiffs propose moving on November 30, 2026, before the December 7, 2026 settlement conference and while discovery, adjourned *sine die* with SIPS's corporate deposition deferred, remains open, with a reply date ("January 21, 2026") that precedes the motion itself. See ECF 66; ECF 70 ¶ 80. Defendants respectfully request that Plaintiffs' motion be served thirty (30) days after the later of the settlement conference or the close of discovery, with thirty (30), twenty-one (21), and fourteen (14) days for the ensuing three submissions.

## REQUEST FOR LEAVE

Defendants also respectfully request leave under Individual Rules §§ III.B.4.f and III.B.4.i and Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure to file the signed declarations of Jeffrey Sausele ("Sausele") tomorrow, November 3, 2026, because Sausele was in the field and unable to sign. The unsigned declaration is filed herewith in substantially final form, and Plaintiffs would suffer no prejudice from the instant request for leave.

## CONCLUSION

Accordingly, Defendants respectfully request that this Court deny Plaintiffs leave to move as framed or, alternatively, adopt the above schedule at the December 4, 2026 conference, together with such other and further relief as this Court deems just, equitable, and proper.

Dated: Jamaica, New York
November 2, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Spray In Place Solutions, LLC and*
*Atlantic Specialty Insurance Company*

**VIA ECF**
All counsel of record