UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, TRADE EDUCATION FUND, AND 401(K) SAVINGS PLAN,

Plaintiffs,

-against-

SPRAY IN PLACE SOLUTIONS, LLC and ATLANTIC SPECIALTY INSURANCE COMPANY,

Defendants.
---------------------------------------------------------------X

Case No.: 1:24-cv-2568 (KAM) (PK)

**DECLARATION OF EMANUEL KATAEV, ESQ. IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION**

Emanuel Kataev, Esq. declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney admitted to practice before this Court and the managing member of Sage Legal LLC, counsel for Defendants Spray in Place Solutions, LLC ("SIPS") and Atlantic Specialty Insurance Company (together, "Defendants"). Before forming Sage Legal LLC, I represented SIPS in its dealings with the Funds as an attorney with Milman Labuda Law Group PLLC.

2. I submit this declaration to place before this Court true copies of documents cited in Defendants' Rule 56.1 Counterstatement that are not already on the docket, as Section III.B.4.f of the Chambers Practices of the Hon. Kiyo A. Matsumoto, U.S.D.J. ("Judge Matsumoto") requires, and to set out the status of discovery under Rule 56(d) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). I do not offer testimony on the merits.

3. Annexed as Exhibit A is a true copy of the letter of Milman Labuda Law Group PLLC to the Funds' auditor dated October 28, 2020, with which SIPS produced its records for the Funds' first payroll audit.

4. Annexed as Exhibit B is a true copy of my letter to the Joint Plumbing Industry Board dated October 5, 2021.

5. Annexed as Exhibit C are true copies of the proof that SIPS's June 16, 2022 notice terminating its collective bargaining agreement with the Union (ECF 66-15 at 1-2) was transmitted by facsimile on June 16, 2022 and delivered by certified mail, consisting of the facsimile transmission reports, the certified mail receipts, the return receipt signed for the Association of Contracting Plumbers of the City of New York, Inc., and the USPS tracking results.

6. Annexed as Exhibit D is a true copy of my letter to the Funds' auditor dated October 4, 2022.

7. Annexed as Exhibit E is a true copy of my letter to Schultheis & Panettieri, LLP, the Funds' auditor, dated July 26, 2023, setting out SIPS's exceptions to the auditor's preliminary findings, with its enclosure, the Affidavit of SIPS's former employee Jay J. Martino ("Martino") sworn to July 26, 2023 (the "Martino Aff.").

8. Annexed as Exhibit F is a true copy of my email to Jeffrey Cascio (hereinafter "Cascio") of Schultheis & Panettieri, LLP dated April 10, 2024, with its attachments.

9. Annexed as Exhibit G are true copies of the emails I received from Cascio dated August 27, 2025, transmitting the auditor's revised preliminary report, and September 10, 2025.

10. Annexed as Exhibit H is a true copy of Plaintiffs' subpoena to Jay J. Martino dated February 3, 2026.

11. Annexed as Exhibit I is a true copy of the email that Darcell Burrows of Marshall and Moss Payroll Compliance Services LLC, the Funds' payroll auditor, sent me on October 29, 2020, acknowledging receipt ("Thank you for the documents"), with my email to her of October 28, 2020, transmitting the letter annexed as Exhibit A, below it.

12. Annexed as Exhibit J is a true copy of the email that Adrianna Grancio, Esq. of Virginia & Ambinder, LLP, then counsel to the Funds, sent me on October 6, 2021, with the earlier emails in that exchange below it, including my email to her of October 5, 2021, with which I sent her a courtesy copy of the letter annexed as Exhibit B.

13. Annexed as Exhibit K is a true copy of my email to Cascio dated April 25, 2023, with the earlier emails between us below it, dating back to December 27, 2022, including Cascio's emails of January 3, February 7, March 9, and March 21, 2023.

14. Annexed as Exhibit L is a true copy of my email to Benedetta Brusseau of Schultheis & Panettieri, LLP dated August 4, 2023, with the earlier emails below it, dating back to May 16, 2023, including Cascio's emails of May 26 and June 27, 2023 and Brusseau's email of August 2, 2023.

15. Annexed as Exhibit M is a true copy of my email to Grancio dated December 2, 2023, with the earlier emails below it, dating back to her email of August 31, 2023 responding to the letter annexed as Exhibit E.

16. The Stipulation so-ordered by this Court (ECF Docket Entry ("ECF") 23; ECF 66-30), Plaintiffs' exhibits, and this Court's orders are already on the docket and are not re-annexed.

17. Discovery is not complete. By Order dated October 1, 2026, this Court adjourned the deadline to complete discovery *sine die* pending the settlement conference scheduled for December 7, 2026. The deposition of SIPS under Rule 30(b)(6) has not taken place (see ECF 64).

18. If this Court finds any fact material to Plaintiffs' claims insufficiently supported, Defendants request leave under Rule 56(d) to obtain: (a) testimony from Martino and/or Chad McGregor as to where, and in what trade, they performed the hours the auditor charged; (b) the Funds' records of SIPS's online remittance account, including its employee roster, login history,

and the records of the "ISSI access" problems the Funds' counsel acknowledged (Ex. M); (c) the auditor's work papers underlying its classification of hours as covered work; and (d) the Funds' records of the August 24, 2023 collection committee meeting at which SIPS's exceptions and the Martino Aff. were to be considered (Ex. L). Those facts are expected to show that the charged hours fell outside the covered work and territory of the collective bargaining agreement, and that SIPS could not remit through the Funds' portal. They are in the possession of Plaintiffs or non-parties.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 2, 2026, in Jamaica, New York.

__*/s/ Emanuel Kataev, Esq.*__________
Emanuel Kataev, Esq.